UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
VINCENT MOSCA,                                    Docket No.: 17-cv-04327

                                      Plaintiff,     Judge
                                                      Sandra J. Feuerstein
     -against-

THE CITY OF NEW YORK, THE NEW YORK CITY         Magistrate Judge
POLICE DEPARTMENT, FRANCESCO COLAVITO,           Steven I. Locke
TAPPED 1010 INC., and MXL LLC,

                                        Defendants.
-------------------------------------------------------------------------X

**DEFENDANT COLAVITO'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT'S MOTION TO DISMISS**

## Preliminary Statement

This memorandum of law is respectfully submitted on behalf of defendant, Francesco Colavito ("Colavito"), in opposition to the motion pursuant to Fed. R. Civ. P. 12(b)(6) by co-defendant, City of New York ("NYC").[1]

Though NYC has not moved to dismiss Colavito's cross claims, Colavito opposes NYC's motion to dismiss plaintiff's complaint to the extent its determination requires findings of fact against Colavito. Colavito expressly denies the allegation that he committed an intentional tort or acted outside the scope of his employment as a police officer. Colavito's denial notwithstanding, the allegations in plaintiff's complaint, if true, would be sufficient to state a cause of action against NYC.

## Statement of Facts

Plaintiff's complaint alleges that Colavito told plaintiff "I'm with the NYPD, you're not going anywhere", "flashed his NYPD badge" and "detained" plaintiff before a non-party acting in concert with Colavito, Ian M. Walsh ("Walsh") punched plaintiff at the "Tap Room" bar on April 29, 2016. Complaint, para. 26, 35 and 37.

## Legal Standard

"When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must take all allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff... The court's consideration on a motion to dismiss is limited to the factual allegation in the complaint; documents incorporated by reference... matters of which judicial notice may be taken; and documents either in plaintiff's possession or of which plaintiff had knowledge and

---

[1] Colavito takes no position relative to that branch of the motion seeking dismissal of the plaintiff's complaint against co-defendant, New York City Police Department ("NYPD").

relied on in bringing suit" (internal citations omitted). *Messina v. Mazzeo*, 854 F. Supp. 116 (EDNY 1994).

## Point I

### The complaint states a claim against NYC.

NYC's motion is predicated upon the disputed allegation that Colavito acted outside the scope of his authority as a police officer and not under the color of state law, since Colavito was off duty and the underlying altercation arose out of a private dispute.

An arrest made by an off duty officer stemming from a private altercation may be made under the color of law. See *Rivera v. La Porte*, 896 F. 2d 691, 695-96 (2nd Cir. 1990) ("The off duty status of an arresting officer does not mean he is not acting under color of law… Though the dispute that precipitated the arrest was private, the response, including the arrest and the use of excessive force, was unquestionably action under color of law").

Although Colavito believes that plaintiff's claims are ultimately without merit, NYC's motion should be denied as the facts alleged within the complaint, if true, are sufficient to establish a claim under 42 U.S.C. § 1983.

## Conclusion

NYC's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be denied, as the complaint alleges facts sufficient to state a claim against it.

Dated: White Plains, NY

      October 27, 2017

Penino & Moynihan, LLP
By: Henry L. Liao (HL6071)
Attorneys for Defendant
**FRANCESCO COLAVITO**
1025 Westchester Avenue, Suite 403

White Plains, New York 10604
(914) 949-6996
Our File No.: 12-3211

# Affidavit of Service

State of New York }
} ss.:
County of Westchester }

Henry L. Liao, being duly sworn, deposes and states:

I am not a party to this action, am over the age of eighteen; and reside in White Plains, NY.

On the 27th day of October, 2017, I served the within **DEFENDANT COLAVITO'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT'S MOTION TO DISMISS**, by depositing a true copy in a postage paid wrapper in a depository under the exclusive custody and control of the United States Postal Service within the State of New York, upon:

Lipsig Shapey Manus & Moverman, PC
40 Fulton St.
New York, NY 10038-1850

Zachary W. Carter
Corporation Counsel
100 Church Street, Room 3-133b
New York, NY 10007

Kaufman Borgeest & Ryan, LLP
1205 Franklin Ave., Ste. 200
Garden City, NY 11530

Adrienne Lynch, Esq.
1060 Park Blvd.
Massapequa Park, NY 11762

_____
Henry L. Liao

Sworn to before me this
27th day of October, 2017

_____
Notary Public

DAVID A. KARLIN
Notary Public, State of New York
No. 02KA6050239
Qualified in Westchester County
Commission Expires 10/30/2018