17 CV 4327 (SJF)(SIL)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

VINCENT MOSCA,

                        Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                        Defendants.

**DEFENDANTS CITY OF NEW YORK AND NYPD'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR DISMISSAL**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
   *Attorney for Defendants City of New York and New York City Police Department (a non-suable entity)*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Mark D. Zuckerman*
*Tel: (212) 356-3519*
*Matter #: 2017-039975*

## TABLE OF CONTENTS

                                            **Page**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT

      POINT I

            THE DEFENDANT COLAVITO WAS NOT ACTING UNDER "COLOR OF STATE LAW" ....................................... 2

      POINT II

            PLAINTIFF HAS NOT "PLAUSIBLY" ALLEGED MUNICIPAL LIABILITY AGAINST THE CITY ................................................................................. 4

      POINT III

            THE CITY IS NOT LIABLE UNDER A THEORY OF RESPONDEAT SUPERIOR BASED ON THE ACTS OF COLAVITO ...................................................... 7

      POINT IV

            PLAINTIFF'S NEGLIGENCE CLAIM AGAINST THE CITY SHOULD BE DISMISSED ................................................. 7

      POINT V

            PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL HARM CLAIM AGAINST THE CITY SHOULD BE DISMISSED ........................................................ 8

      POINT VI

            PLAINTIFF CANNOT PROVE CAUSATION AGAINST THE CITY .............................................................................. 9

      POINT VII

            PLAINTIFF'S CLAIMS PURSUANT TO 42 U.S.C. §§ 1981 AND 1985 SHOULD FAIL .......................................... 10

CONCLUSION ........................................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**                                                                                                              **Pages**

Akins v. Glens Falls City Sch. Dist.,
    53 N.Y.2d 325, 424 N.E.2d 531, 441 N.Y.S.2d 644 (1981) .................................................. 7-8

Alfaro v. Wal-Mart Stores, Inc.,
    210 F.3d 111 (2d Cir. 2000) ......................................................................................................7

Anderson v. Conboy,
    156 F.3d 167 (2d Cir. 1998) ....................................................................................................10

Ashcroft v. Iqbal,
    556 U.S. 662 (2008) ..................................................................................................4, 5, 6, 10

Bonsignore v. City of New York,
    683 F.2d 635 (2d Cir. 1982) ......................................................................................................3

Bradley v. City of New York,
    08 CV 1106 (NGG),
    2009 U.S. Dist. LEXIS 51532 (E.D.N.Y. June 18, 2009) .........................................................5

Busch v. City of New York,
    00 CV 5211 (SJ), 2003 U.S. Dist. LEXIS 27571 (E.D.N.Y. Sept. 11, 2003) ............................7

Claudio v. Sawyer,
    675 F. Supp. 2d 403 (S.D.N.Y. 2009),
    *affirmed,* 409 Fed. App'x. 464 (2d Cir. 2011) .........................................................................3

Connick v. Thompson,
    563 U.S. 51 (2011) .....................................................................................................................5

Cuevas v. City of New York,
    07 Civ. 4169 (LAP), 2009 U.S. Dist. LEXIS 114984 (S.D.N.Y. Dec. 7, 2009) .......................5

Dwares v. City of New York,
    985 F.2d 94 (2d Cir. 1993) ........................................................................................................5

Edwards v. City of New York,
    03 CV 9407 (PAC),
    2005 U.S. Dist. LEXIS 34376 (S.D.N.Y. Dec. 16, 2005) .......................................................10

Hayes v. Perotta,
    751 F. Supp. 2d 597 (S.D.N.Y. 2010) ........................................................................................6

| **Cases** | **Pages** |
|---|---|

Jean-Louis v. Am. Airlines,
 08 CV 3898 (FB)(SMG),
 2010 U.S. Dist. LEXIS 77292 (E.D.N.Y. July 30, 2010) ..........................................................8

Karlen v. New York University,
 464 F. Supp. 704 (S.D.N.Y. 1979) .........................................................................................4

Kush v. City of Buffalo,
 59 N.Y. 2d 26 (1983) ...........................................................................................................10

La Barbera v. Ferran Enters., Inc.,
 05 CV 2678, 2009 U.S. Dist. LEXIS 9615 (E.D.N.Y. Feb. 10, 2009) .....................................6

Mercado v. City of New York,
 08 Civ. 2855 (BSJ)(HP),
 2011 U.S. Dist. LEXIS 140430 (S.D.N.Y. Dec. 5, 2011) ........................................................9

Monell v. Dep't of Social Services,
 436 U.S. 658 (1978)...............................................................................................................9

Moore v.City of New York,
 12 CV 4206 (RRM),
 2012 U.S. Dist. LEXIS 121433 (E.D.N.Y. Aug. 27, 2012).....................................................10

Morton v. City of Albany, 0
 8-CV-1304 (TJM)(RFT),
 2009 U.S. Dist. LEXIS 73271 (N.D.N.Y, Aug. 19, 2009) ................................................... 3-4

Pitchell v. Callan,
 13 F.3d 545 (2d Cir. 1995)......................................................................................................2

Plair v. City of New York,
 789 F. Supp. 2d 459 (S.D.N.Y. 2011)......................................................................................5

Rivera v. La Porte,
 896 F.2d 691 (2nd Cir. 1990).................................................................................................4

Screws v. United States,
 325 U.S. 91 (1945).................................................................................................................2

Wolkstein v. Morgenstern,
 713 N.Y.S.2d 171 (1st Dep't 2000) ........................................................................................8

| **Cases** | **Pages** |
|---|---|
| Wray v. City of New York,<br>490 F.3d 189 (2d Cir. 2007)..................................................................................6 | |

**Statutes**

| | |
|---|---|
| 42 U.S.C. §1981................................................................................................10 | |
| 42 U.S.C. §1983........................................................................................2, 4, 10 | |
| 42 U.S.C. §1985................................................................................................10 | |
| Fed. R. Civ. P. 15(a)(1)(B) .................................................................................6 | |

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
```

VINCENT MOSCA,

                              Plaintiff,

          -against-

THE CITY OF NEW YORK, et al.,

                            Defendants.

**DEFENDANTS CITY OF NEW YORK AND NYPD'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR DISMISSAL**

17 CV 4327 (SJF)(SIL)

```
------------------------------------------------------------------------ x
```

## PRELIMINARY STATEMENT

Defendants City of New York (the "City") and NYPD (a non-suable entity)[1], hereby respectfully submit their Memorandum of Law in further support of their motion to dismiss plaintiff's complaint. For the reasons set forth herein[2], as well as those set forth in defendants' opening brief, defendants' motion to dismiss should be granted, plaintiff's provisional motion to amend should be denied and plaintiff's complaint dismissed with prejudice.

---

[1] Plaintiff concedes in his responsive Memorandum of Law that he named NYPD improperly, since it is a non-suable entity, and was dismissing NYPD from this lawsuit. As such, this issue will not be further addressed herein and the remaining points will be addressed by the defendant City.

[2] The City has attempted to address each of plaintiff's claims made in the complaint, which is vague in many respects as to the precise claims made. Regardless, to the extent not addressed herein, plaintiff still has no other meritorious claims of any kind against the City.

ARGUMENT

POINT I

THE DEFENDANT COLAVITO WAS NOT
ACTING UNDER "COLOR OF STATE LAW"

In the moving defendants' opening brief, defendants argued that plaintiff's claims pursuant to 42 U.S.C. §1983 were barred because the defendant Colavito was not acting under of "color of state law" during the underlying incident. Defendants' Memorandum of Law in support of motion to dismiss at pp. 5-7. In response, plaintiff does not dispute the "color of state law" requirement for §1983 claims. Plaintiff also does not dispute that "'acts of officers in the ambit of their personal pursuits are plainly excluded'" by this requirement, Pitchell v. Callan, 13 F.3d 545, 548 (2d Cir. 1995) (quoting Screws v. United States, 325 U.S. 91 (1945)), or that courts should look at the "nature of the officer's acts" in determining the "color of state law" question. Pritchell, at 548.

In response to the arguments made by the moving defendants, plaintiff responds and argues that Colavito identified himself as a police officer shortly before the assault (by Walsh), that plaintiff was aware that Colavito was a police officer and that Colavito detained plaintiff. Based thereon, plaintiff wishes the Court to draw the conclusion that Colavito was acting under "color of state law." Plaintiff's Memorandum of Law in opposition at p. 19. The Tap Room surveillance video that plaintiff annexes to his opposition as Exhibit B only bolsters the City's argument that Colavito was engaged in a "personal pursuit," and even that a number of the allegations in the complaint are not true, should the Court decide to consider the video upon this motion. First, Colavito was at a bar in Massapequa, Long Island engaged in social activities when this incident occurred, clearly outside his jurisdiction of the City of New York, where he was then a police officer. Second, when plaintiff exited the bar, it was Walsh who was

immediately behind plaintiff, and not Colavito.  Third, when the three combatants exited the bar, it appears that plaintiff and Walsh were engaging in a verbal dispute, at which time Colavito moved to plaintiff's side and began to remove his jacket in anticipation of a fight with plaintiff, and did not block plaintiff from proceeding in the direction he was going.  Fourth, plaintiff then immediately approached Colavito; plaintiff and Colavito were "face to face," when Walsh immediately began to punch plaintiff as Colavito did nothing.  Fifth, the video does not reflect that Colavito struck plaintiff or drew a weapon or restraining device of any kind.

The Tap Room surveillance video thus confirms the arguments made in the moving defendants' motion to dismiss based on the authorities cited; the underlying incident had nothing to do with Colavito's law enforcement duties as a then police officer of the NYPD.  Colavito was off duty, and this incident occurred outside his City of New York jurisdiction, in Nassau County, where he did not have jurisdiction as a police officer.  The incident was the sole result of a personal dispute that Colavito and Walsh had with plaintiff at the Tap Room in Massapequa.  There was no law enforcement function taking place and there was no arrest.  Plaintiff had apparently not committed a crime nor was even being investigated for a crime by Colavito.  Colavito also acted in an opposite manner from his responsibilities as a police officer, by allowing the assault by Walsh to take place.

This incident simply had no relationship to Colavito's duties as a police officer, and was a private and personal pursuit.  As a result, Colavito was not acting under "color of state law," in accordance with the authorities cited by defendants in their opening brief.  See Bonsignore v. City of New York, 683 F.2d 635 (2d Cir. 1982) (off duty police officer not acting under color of state law when he shot wife as such was a "personal pursuit"); Claudio v. Sawyer, 675 F. Supp. 2d 403 (S.D.N.Y. 2009), *affirmed,* 409 Fed. App'x. 464 (2d Cir. 2011) (intoxicated

off-duty officer who shot and killed plaintiff after plaintiff cut the officer off in traffic, was not acting under color of law); Morton v. City of Albany, 08-CV-1304 (TJM)(RFT), 2009 U.S. Dist. LEXIS 73271 (N.D.N.Y, Aug. 19, 2009) (officer did not invoke the real or apparent power of the police department in harassing and pointing a loaded handgun at a civilian police employee in the police station).

Nor does the case cited by the defendant Colavito in his opposition to defendants' motion, Rivera v. La Porte, 896 F.2d 691 (2nd Cir. 1990), in any way preclude a finding that Colavito was not acting "under color of state law" in this case. In Rivera, the defendant correction officer Rivera was "carrying handcuffs issued by the New York City Department of Corrections and an "off-duty" revolver. He identified himself as a police officer (or, according to some testimony, as a peace officer) in making the arrest, he used the handcuffs, he placed Rivera in a police car, and he accompanied him throughout the evening to the local precinct, the hospital, and central booking." Id., at 696. In contrast, there was no arrest at all by Colavito, as confirmed by the Tap Room surveillance video, much less any of the other facts that the Rivera court used to find that the defendant Rivera was acting "under of color of state law" in that case arising from an incident that started as a personal dispute. As such, this Court should easily find that Colavito was not acting under of "color of state law" at the time of the underlying incident in this case, and plaintiff's §1983 claims against the City should be dismissed on this ground alone.

**POINT II**

**PLAINTIFF HAS NOT "PLAUSIBLY" ALLEGED MUNICIPAL LIABILITY AGAINST THE CITY**

In the moving defendants' opening brief, defendants argued that plaintiff did not meet the "plausibility" requirement of Ashcroft v. Iqbal, 556 U.S. 662, 678 (2008),[3] as it relates to his claim for municipal liability against the moving defendants based upon an alleged failure to train or supervise, which is the only municipal liability theory alleged. As to municipal liability, defendants' arguments are set forth at pp. 7-10 of its opening Memorandum of Law. Significantly, plaintiff does not dispute the law set forth by the moving defendants, particularly that "[t]he mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." Bradley v. City of New York, 08 CV 1106 (NGG), 2009 U.S. Dist. LEXIS 51532, at *8-*9 (E.D.N.Y. June 18, 2009) (citing Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993)). As seen, courts routinely dismiss boilerplate assertions of municipal liability, such as the one asserted here. Plair v. City of New York, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011) (collecting cases); Cuevas v. City of New York, 07 Civ. 4169 (LAP), 2009 U.S. Dist. LEXIS 114984, at *10 (S.D.N.Y. Dec. 7, 2009) ("Plaintiff's boilerplate allegations against the City … satisfy neither the elements [for municipal liability], nor the pleading requirements set forth in Iqbal"). Plaintiff's allegations of a municipal failure to train or supervise in his complaint are boilerplate, and should be dismissed on this basis alone.

Plaintiff argues that the single incident involving Colavito is sufficient to withstand defendants' motion to dismiss. However, with respect to claims alleging a failure to

---

[3] Plaintiff incorrectly argues that the "determinative question (on a motion to dismiss) is not whether there is a likelihood of success, but rather whether there is a mere possibility of success on the merits," citing Karlen v. New York University, 464 F. Supp. 704 (S.D.N.Y. 1979). Plaintiff's Memorandum of Law, at p. 6. The test post-Iqbal is "plausibility," namely whether the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

train or supervise, it is "ordinarily necessary" to establish a "pattern of similar constitutional violations by untrained employees" to prove "deliberate indifference." Connick v. Thompson, 563 U.S. 51, 62 (2011). Plaintiff's mere and vague references to the NYPD's handling of this incident (without any supporting facts whatsoever) is a far cry from "plausibly" alleging a municipal failure to train or supervise that can withstand the City's motion to dismiss.

Further, "where a city has a training program, a plaintiff must . . . identify a *specific deficiency* in the city's training program and establish that that deficiency is *closely related to the ultimate injury*, such that it actually caused the constitutional deprivation." Wray v. City of New York, 490 F.3d 189, 196 (2d Cir. 2007). Plaintiff has alleged no deficiency in the NYPD's training programs, much less any specific deficiency. As such, on this basis as well, plaintiff's municipal liability claim cannot withstand the City's motion to dismiss.

Finally, plaintiff does not argue that the NYPD's Patrol Guide provisions annexed to his opposition papers, should they be considered by the Court upon defendants' motion, are constitutionally infirm, but rather merely argues that Colavito violated them in this instance. Such an argument is insufficient to "plausibly" plead municipal liability, as a "custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the [government]." Hayes v. Perotta, 751 F. Supp. 2d 597, 601 (S.D.N.Y. 2010)

Seemingly recognizing that his complaint fails to meet the Iqbal "plausibility" test as to a failure to train or supervise theory, plaintiff moves to amend his complaint should this motion be granted. Defendants oppose the amendment for a number of reasons. First, plaintiff had the opportunity to amend as of right within 21 days after the service of defendants' motion to dismiss. See Rule 15(a)(1)(B). Fed. R. Civ. Pro. Plaintiff inexplicably failed to amend within that time frame. Second, plaintiff has failed to provide a proposed pleading that would

demonstrate how the deficiencies would be cured.  La Barbera v. Ferran Enters., Inc., 05 CV 2678, 2009 U.S. Dist. LEXIS 9615 (E.D.N.Y. Feb. 10, 2009) ("Denial of the motion to amend is warranted by Plaintiffs' unexplained failure to submit a proposed pleading.")  Third, plaintiff apparently envisions a scenario where he is allowed to oppose the motion; but if the motion is granted, that he will then have another opportunity to amend.  This proposed course, not approved by the Court, is unfair to defendants, would cause defendants and the Court duplicative work, and should not be allowed.

## POINT III

### THE CITY IS NOT LIABLE UNDER A THEORY OF RESPONDEAT SUPERIOR BASED ON THE ACTS OF COLAVITO

In defendants' opening brief at pp. 10-13, defendants argued that the City is not liable under a theory of *respondeat superior* for the acts of Colavito.  Plaintiff has failed to address such arguments.  As such arguments raised by the City in its opening brief are meritorious, plaintiff's state law claims against the City made by virtue of a claim of *respondeat superior* based on the acts of Colavito should be dismissed.

## POINT IV

### PLAINTIFF'S NEGLIGENCE CLAIM AGAINST THE CITY SHOULD BE DISMISSED

In his Memorandum of Law in opposition to defendants' motion to dismiss, plaintiff states that he is making a negligence claim against the City.  This claim should be dismissed for two reasons.  First, "when a plaintiff asserts excessive force and assault claims, which are premised upon a defendant's allegedly intentional conduct, a negligence claim with respect to the same conduct will not lie."  Busch v. City of New York, 00 CV 5211 (SJ), 2003

U.S. Dist. LEXIS 27571, at *21-22 (E.D.N.Y. Sept. 11, 2003) (internal citations omitted) (holding that alternative claims alleging intentional tort and negligence not allowed).

Second, in order to prove negligence, a plaintiff must "plausibly" allege three elements: "'(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof.'" Alfaro v. Wal-Mart Stores, Inc., 210 F.3d 111, 114 (2d Cir. 2000) (quoting Akins v. Glens Falls City Sch. Dist., 53 N.Y.2d 325, 333, 424 N.E.2d 531, 441 N.Y.S.2d 644 (1981)). Plaintiff has completely failed to "plausibly" allege negligence against the City in his complaint. Plaintiff's complaint is devoid of any factual allegations evidencing a duty or a beach of such a duty to plaintiff by the City, nor is any such argument even made in plaintiff's opposition Memorandum of Law. As such, for this reason as well, plaintiff's negligence claim should be dismissed.

## POINT V

### PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL HARM CLAIM AGAINST THE CITY SHOULD BE DISMISSED

In defendants' opening Memorandum of Law at pp. 14-15, the moving defendants argued that, in addition to the City not being liable under a *respondeat superior* theory for Colavito's acts, that the tort of intentional infliction of emotional harm does not lie in this case. Plaintiff has failed to respond to defendants' arguments, other than to state that he is bringing such a claim. See plaintiff's Memorandum of Law at p. 6. As defendants' arguments set forth in their opening Memorandum of Law are meritorious, plaintiff's intentional infliction of emotional harm claim should be dismissed.[4]

---

[4] Plaintiff now contends that he is making a negligent infliction of emotional harm claim against defendants as well. See plaintiff's Memorandum of Law at p. 6. As already seen, the City is not liable to plaintiff under a theory of *respondeat superior* for Colavito's acts. In any event, plaintiff's negligent infliction of emotional harm claim is meritless for a number of reasons.

**POINT VI**

**PLAINTIFF CANNOT PROVE CAUSATION
AGAINST THE CITY**

In defendants' opening brief, defendants argued that plaintiff could not prove causation against the City for the acts of Colavito. See defendants' Memorandum of Law at pp. 15-17. In response, plaintiff argues that the "facts as set forth in the Complaint do not present the type of "intervening" cause which so attenuates NYC's deliberate indifference to the specific conduct at issue so as to sever the causal connection between the violations of its policies as enunciated in the Patrol Guide and the events which led to the assault on Mosca." Plaintiff's Memorandum of Law at p. 19. This argument demonstrates plaintiff's complete misunderstanding of municipal liability. As argued above, an alleged single incident of a lower level employee's violation of Patrol Guide provisions that plaintiff concedes are proper certainly does not give rise to a claim for municipal liability under a failure to train or supervise theory.

Second, plaintiff fails to recognize that in order to establish municipal liability, plaintiff must establish that an identified municipal policy or practice was "the moving force [behind] the constitutional violation." Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978). "To establish Monell liability, the causal link must be strong; that is, the policy must be the 'moving force' behind a constitutional violation." Mercado v. City of New York, 08 Civ. 2855 (BSJ) (HP), 2011 U.S. Dist. LEXIS 140430, at *23 (S.D.N.Y. Dec. 5, 2011) (quoting

---

First, a "claim of negligent infliction of emotional distress based on intentional conduct is not a viable cause of action." Jean-Louis v. Am. Airlines, 08 CV 3898 (FB)(SMG), 2010 U.S. Dist. LEXIS 77292, at *9 (E.D.N.Y. July 30, 2010). Second, a cause of action for NIED must also be based on conduct that is "so extreme in degree and outrageous in character as to go beyond all possible bounds of decency, so as to be regarded as atrocious and utterly intolerable in a civilized community." Wolkstein v. Morgenstern, 713 N.Y.S.2d 171, 172 (1st Dep't 2000) (citations omitted). Simply, plaintiff has failed to make out a "plausible" negligent infliction of emotional harm claim, and this case should be decided under the more traditional tort theories alleged.

Monell, 436 U.S. at 691, 694). Simply, plaintiff's complaint fails to demonstrate the "strong" causal connection necessary to make a "plausible" claim against the City for a municipal failure to train or supervise. Any alleged failure to train or supervise was not the "moving force" behind Colavito's acts, but rather the intervening alleged criminal acts. As such, plaintiff's municipal liability failure to train or supervise claim fails for this reason as well.

Additionally, as argued in defendants' opening brief, the acts of Walsh and Colavito were a superceding and intervening cause of plaintiff's injuries that sever any potential liability of the City, since said acts were not forseeable. Kush v. City of Buffalo, 59 N.Y. 2d 26 (1983). As such, plaintiff's claims fail on causation grounds as a matter of law.

## POINT VII

### PLAINTIFF'S CLAIMS PURSUANT TO 42 U.S.C. §§ 1981 AND 1985 SHOULD FAIL

Despite pleading in the very introductory paragraph in his complaint that, "Plaintiff, by his attorneys,…brings this action under 42 U.S.C. §1983 to redress his civil and legal rights,..." plaintiff makes a vague reference in his Memorandum of Law in Opposition to 42 U.S.C. §§1981 and 1985. Said claims are meritless. First, plaintiff has failed to plead "plausible" claims under these statutes in accordance with Iqbal. Second, both claims require Monell liability to be established against the City for said claims to be viable, which as seen has not been "plausibly" pled in plaintiff's complaint. Moore v. City of New York, 12 CV 4206 (RRM), 2012 U.S. Dist. LEXIS 121433, at *5, n. 1 (E.D.N.Y. Aug. 27, 2012) (as to §1985); Edwards v. City of New York, 03 CV 9407 (PAC), 2005 U.S. Dist. LEXIS 34376, at *30 (S.D.N.Y. Dec. 16, 2005) (at to §1981)[5]. Any such claims must therefore be dismissed.

---

[5] Said §1981 claims fail for lack of "color of state law" as to Colavito as well. See Anderson v. Conboy, 156 F.3d 167, 178 (2d Cir. 1998).

## CONCLUSION

For the foregoing reasons, as well as those set forth in defendants' opening Memorandum of Law, defendants' motion to dismiss should be granted, plaintiff's provisional motion to amend should be denied and plaintiff's complaint dismissed with prejudice.

Dated: New York, New York
November 9, 2017

ZACHARY W. CARTER
Corporation Counsel of the
  City of New York
*Attorney for Defendants City of New York and New York City Police Department (a non-suable entity)*
100 Church Street
New York, New York 10007
(212) 356-3519


By:       /s/
    MARK D. ZUCKERMAN