**FILED**
**CLERK**

9:39 am, May 18, 2018

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VINCENT MOSCA,

                                   Plaintiff,

          -against-                                                    17-CV-4327 (SJF)(SIL)

CITY OF NEW YORK, NEW YORK CITY POLICE          **ORDER**
DEPARTMENT, FRANCESCO COLAVITO,
TAPPED 1010 INC., MXL LLC, and
IAN M. WALSH,

                                   Defendants.
-----------------------------------------------------------------X
FEUERSTEIN, District Judge:

          Pending before the Court are the objections of plaintiff Vincent Mosca ("plaintiff") to so

much of the Report and Recommendation of the Honorable Steven I. Locke, United States

Magistrate Judge, dated April 24, 2018 ("the Report"), as recommends that the branches of the

motion of defendants the City of New York ("the City") and the New York City Police

Department ("NYPD") (collectively, the "Municipal Defendants") seeking dismissal of

plaintiff's claims pursuant to 42 U.S.C. § 1983 ("Section 1983") and state law against the City be

granted to the extent set forth therein, and that plaintiff's claims against the City be dismissed in

their entirety without prejudice.  For the reasons stated herein, Magistrate Judge Locke's Report

is accepted in its entirety.


I.        Standard of Review

          Any party may serve and file written objections to a report and recommendation of a

magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy

thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and

recommendation to which a timely objection has been made is reviewed *de novo*. *See* 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72(b)(3). However, to accept the report and recommendation of a

magistrate judge to which no specific, timely objection has been made, the district judge need

only be satisfied that there is no clear error apparent on the face of the record. *See* Fed. R. Civ. P.

72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000)

(a court may review a report to which no timely objection has been interposed to determine

whether the magistrate judge committed "plain error.") Moreover, "a district court generally will

not consider new arguments raised for the first time in objections to a magistrate judge's report

and recommendation that could have been raised before the magistrate but were not."[1] *Charlot v.*

*Ecolab, Inc.*, 97 F. Supp. 3d 40, 51 (E.D.N.Y. 2015) (citing cases); *see also Santiago v. City of*

*New York*, No. 15-cv-517, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 27, 2016), *aff'd*, 697 F.

App'x 36 (2d Cir. Sept. 6, 2017) ("[C]ourts ordinarily refuse to consider arguments, case law

and/or evidentiary material which could have been, but was not, presented to the magistrate judge

---

[1] Although the Court may have discretion to consider arguments not previously or properly presented to the magistrate judge in connection with a report and recommendation, *see Levy v. Young Adult Inst., Inc.*, 103 F. Supp. 3d 426, 433 (S.D.N.Y. 2015), the Court declines to do so here, particularly since, *inter alia*, plaintiff proffers no explanation for his failure to raise his arguments regarding his state law claims before Magistrate Judge Locke and, indeed, entirely ignores Magistrate Judge Locke's finding that plaintiff abandoned his state law claims by failing to address the Municipal Defendants' arguments for dismissal of those claims, (*see* Report at 14); he does not identify any intervening case or statute that has changed the state of the law with respect to those claims; no manifest injustice will result; and issues of efficiency and fairness militate against consideration of the new arguments regarding plaintiff's state law claims, which could have, and should have, been raised in the first instance in plaintiff's opposition to the Municipal Defendants' motion to dismiss for consideration by the magistrate judge. *See generally Levy*, 103 F. Supp. 3d at 433-34. In any event, plaintiff's objections with respect to his state law claims are without merit.

in the first instance." (quotations and citation omitted)); *Fischer v. Forrest*, 286 F. Supp. 3d 590, 605 (S.D.N.Y. 2018) ("A proceeding before a magistrate judge is not a meaningless dress rehearsal." (quotations and citation omitted)).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

II.     Findings and Conclusion to which No Objections Made

No party assigns any error to so much of the Report as, *inter alia*, (i) recommends "that the NYPD be removed from the caption as a Defendant in the case because it is a non-suable entity[,]"[2] (Report at 20); or (ii) finds that plaintiff "sufficiently asserts that [defendant Francesco Colavito] acted under the color of state law as to invoke the protections of 42 U.S.C. § 1983."[3] (*Id.* at 7). There being no clear error on the face of the Report with respect thereto, those branches of the Report are accepted in their entirety. Accordingly, for the reasons set forth in the Report, plaintiff's claims against the NYPD are dismissed in their entirety with prejudice and the Clerk of the Court shall amend the caption of this action to remove the NYPD as a defendant.

---

[2] Indeed, plaintiff requests that so much of the Report as recommends "grant[ing] that portion of the Municipal Defendants' motion seeking a dismissal of the action against [the NYPD], consistent with Plaintiff's voluntary withdrawal of its claims against this non-suable entity[,]" be accepted. (Plaintiff's Objections to the Report ["Plf. Obj."] at 2).

[3] Although in its response to plaintiff's objections, the City contends, *inter alia*, that Colavito was not acting under color of state law at the time of the subject incident, (*see* City's Response to Plaintiff's Objections at 9-11), since it did not timely serve and file written objections to the Report within fourteen (14) days after being served with a copy thereof pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), that branch of the Report is only reviewed for clear error.

III.     Plaintiff's Objections

Plaintiff contends, *inter alia*, that Magistrate Judge Locke erred: (a) in "inconsistently [finding] that Plaintiff's Complaint [i] sufficiently alleged that Colavito acted under the color of state law so as to invoke the protections of [Section 1983], but [ii] insufficiently supported a claim for municipal liability with evidence upon which this claim is based[,]" (Plf. Obj. at 2); (b) "in recommending a dismissal of Plaintiff's state common law negligence law [sic] claims as against the Municipal Defendants, by incorrectly focusing on the resulting intentional assault and battery, rather than on Plaintiff's specifically pled allegation that Colavito acted negligently in flashing his NYPD badge, and asserting that, 'I'm with the NYPD, you're not going anywhere,' prior to Defendant IAN WALSH assaulting and battering Plaintiff[,]" (*id.*; *see also id.* at 6-9, 13-14); (c) "in recommending a dismissal of Plaintiff's state common law negligence and negligent hiring/retention claim, by again requiring the inclusion of evidence, at the pleading stage, of evidence [sic] supporting this claim, which evidence remains exclusively in the Municipal Defendants' possession[,]" (*id.* at 3; *see also id.* at 9-12); (d) in "challenging the underlying facts to the Plaintiff's Complaint," (*id.* at 4): and (e) in "requiring Plaintiff to support its pleading with evidence in support of his stated facts and claims." (*Id.*).

Initially, plaintiff misstates the legal standard applicable to motions under Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure.[4]  The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff plead

---

[4] Indeed, all of the cases cited by plaintiff, (*see* Plf. Obj. at 4-5), pre-date the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007), which changed the standard of review applicable to motions under Fed. R. Civ. P. 12(b)(6).

sufficient facts "to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. 544,

127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Thus,

contrary to plaintiff's contention that "the determinative question is merely whether there is a

mere possibility of success on the merits[,]" (Plf. Obj. at 4), the plausibility standard requires

"more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678,

129 S. Ct. 1937.

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements

of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (quoting *Twombly*,

550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557,

127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." *Twombly*, 550 U.S. 544, 127 S. Ct. at 1959.

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the

claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences

in favor of the plaintiff. *See Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 176

(2d Cir. 2013) (quotations and citation omitted); *Grullon v. City of New Haven*, 720 F.3d 133,

139 (2d Cir. 2013). However, this tenet "is inapplicable to legal conclusions. Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "While legal conclusions can provide the

framework of a complaint, they must be supported by factual allegations." *Id.* at 679, 129 S. Ct. 1937. "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*; *see also Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010).

Nonetheless, a plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120-1 (2d Cir. 2010); *accord Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 729-30 (2d Cir. 2013). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S. Ct. 1937. Magistrate Judge Locke's Report clearly sets forth, and applies, the correct standard of review. (*See* Report at 4-5).

Moreover, contrary to plaintiff's contention, the Report does not find "that Plaintiff sufficiently alleged that Colavito acted under the color of state law so as to invoke the protections of [Section 1983], . . . [and then] require[] Plaintiff to substantiate its [sic] claims against the Municipal Defendants with evidence in support thereof . . . ." (Plf. Obj. at 5). Rather, as correctly indicated in the Report, (*see* Report at 7), in order to state a claim under Section 1983, "a plaintiff must allege that (1) the defendant was a state actor, i.e., acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015) (quotations and citation omitted); *accord Cornejo*

*v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Magistrate Judge Locke correctly found that although the factual allegations in the complaint are sufficient to satisfy the first element of a Section 1983 claim, they are insufficient to satisfy the second element, *i.e.*, that an official policy or custom of the Municipal Defendants deprived plaintiff of a constitutional right.

Upon *de novo* review of the Report, all motion papers and the entire record, and consideration of plaintiff's objections to the Report, and the City's response thereto, plaintiff's objections are overruled and the Report is accepted in its entirety. For the reasons set forth in the Report, the Municipal Defendants' motion to dismiss is granted to the extent set forth therein; plaintiff's claims against the NYPD are dismissed in their entirety with prejudice; plaintiff's claims against the City are dismissed in their entirety without prejudice; and plaintiff is granted leave to serve and file a second amended complaint to re-plead his claims against the City **by no later than June 18, 2018**, or he will be deemed to have waived his right to file a second amended complaint and his claims against the City will be dismissed in their entirety with prejudice.


IV.    CONCLUSION

For the reasons set forth herein, plaintiff's objections are overruled, the Report is accepted in its entirety and, for the reasons set forth in the Report, the Municipal Defendants' motion to dismiss is granted to the extent set forth therein; plaintiff's claims against the NYPD are dismissed in their entirety with prejudice; plaintiff's claims against the City are dismissed in their entirety without prejudice; and plaintiff is granted leave to serve and file a second amended complaint to re-plead his claims against the City **by no later than June 18, 2018**, or he will be

deemed to have waived his right to file a second amended complaint and his claims against the City will be dismissed in their entirety with prejudice.  The Clerk of the Court shall amend the caption of this action to remove the NYPD as a defendant.

SO ORDERED.

_____/s/_____
Sandra J. Feuerstein
United States District Judge

Dated:  May 18, 2018
       Central Islip, New York