UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
VINCENT MOSCA,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, FRANCESCO COLAVITO,
TAPPED 1010 INC., and MXL LLC,

                                Defendants.
------------------------------------------------------------------------X

**ANSWER TO AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS CLAIMS**

Docket No.: 17-cv-04327

Judge
Sandra J. Feuerstein

Magistrate Judge
Steven I. Locke

Defendant, **FRANCESO COLAVITO**, by and through his attorneys, **PENINO & MOYNIHAN, LLP** as and for his Answer to the Complaint herein, sets forth the following:

### PRELIMINARY STATEMENT

1. Denies the allegations contained in paragraphs "1", "2", "3", "4", "5" and "6" of the complaint.

### JURISDICTION AND VENUE

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "7", "8" and "9" of the complaint and respectfully refers all questions of law and ultimate fact to the trial court during the course of trial.

### JURY TRIAL DEMAND

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint and respectfully refers all questions of law and ultimate fact to the trial court during the course of trial.

## PARTIES

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "11" and "12" of the complaint and respectfully refers all questions of law and ultimate fact to the trial court during the course of trial.

5. Denies the allegations contained in paragraph "13" of the complaint and respectfully refers all questions of law and ultimate fact to the trial court during the course of trial.

6. Denies the allegations contained in paragraph "14" of the complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "15", "16", and "17" of the complaint and respectfully refers all questions of law and ultimate fact to the trial court during the course of trial.

## NOTICE OF CLAIM

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "18", "19", "20", "21" and "22" of the complaint and respectfully refers all questions of law and ultimate fact to the trial court during the course of trial.

## STATEMENT OF FACTS

9. Defendant admits he was a police officer in the New York City Police Department, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint and respectfully refers all questions of law and ultimate fact to the trial court during the course of trial.

10. Denies the allegations contained in paragraphs "24", "25" and "26" of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

12. Denies the allegations contained in paragraphs "28", "29", "30", "31", "32", "33", "34", "35", "36", "37", "38", "39", "40", "41", "42", "43", and "44" of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "45", "46", "47" and "48" of the complaint and respectfully refers all questions of law and ultimate fact to the trial court during the course of trial.

14. Denies the allegations contained in paragraph "49" of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the complaint.

16. Denies the allegations contained in paragraph "51" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "52", "53", "54" and "55" of the complaint.

18. Denies the allegations contained in paragraphs "56" and "57" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the complaint.

20. Denies the allegations contained in paragraphs "59", "60" and "61" of the complaint.

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

21. Repeats and reiterates the answers to each and every allegation contained in paragraphs "1" through "61" of the complaint as if more fully set forth at length herein.

22. Denies the allegations contained in paragraphs "62", "63", "64", "65" and "66" of the complaint.

23. Denies the allegations contained in paragraph "67" of the complaint and respectfully refers all questions of law and ultimate fact to the trial court during the course of trial.

24. Denies the allegations contained in paragraphs "68", "69", "70", "71", "72", "73", "74", "75", and "76" of the complaint.

**AS AND FOR AN ANSWER
TO THE SECOND CAUSE OF ACTION**

25. Repeats and reiterates the answers to each and every allegation contained in paragraphs "1" through "76" of the complaint as if more fully set forth at length herein.

26. Admits the allegations contained in paragraph "78" of the complaint to the extent as to employment but sets forth that he was off duty at the time of the alleged event.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "79", "80", "81", "82", "83", "84", "85" and "86" of the complaint.

28. Denies the allegations contained in paragraphs "87", "88", "89", "90", "91", "92", "93", "94", "95", and "96" of the complaint.

**AS AND FOR AN ANSWER
TO THE THIRD CAUSE OF ACTION**

29. Repeats and reiterates the answers to each and every allegation contained in paragraphs "1" through "96" of the complaint as if more fully set forth at length herein.

30. Denies the allegations contained in paragraphs "97", "98", "99", "100", "101", "102", "103", "104", "105", "106", "107", "108", "109", "110", "111", "112", "113" and "114" of the complaint.

## AS AND FOR AN ANSWER
## TO THE FOURTH CAUSE OF ACTION

31. Repeats and reiterates the answers to each and every allegation contained in paragraphs "1" through "114" of the complaint as if more fully set forth at length herein.

32. Denies the allegations contained in paragraphs "115", "116", "117", "118", "119", and "120" of the complaint.

## AS AND FOR AN ANSWER
## TO THE FIFTH CAUSE OF ACTION

33. Repeats and reiterates the answers to each and every allegation contained in paragraphs "1" through "121" of the complaint as if more fully set forth at length herein.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "121", "122", "123", "124", "125", "126", "127", and "128" of the complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "129", "130", "131", "132", "133", and "134" and "135" of the complaint and respectfully refers all questions of law and ultimate fact to the trial court during the course of trial.

36. Denies the allegations contained in paragraph "136" "137", "138", "139", and "140" of the complaint.

## AS AND FOR AN ANSWER
## TO THE SIXTH CAUSE OF ACTION

37. Repeats and reiterates the answers to each and every allegation contained in paragraphs "1" through "140" of the complaint as if more fully set forth at length herein.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "142", "143", "144", "145", "146", "147", "148", "149", "150", "151", "152", "153", "154", "155", "156", "157", "158", "159", "160" and

"161" of the complaint and respectfully refers all questions of law and ultimate fact to the trial court during the course of trial.

39. Denies the allegations contained in the "WHEREFORE" clause of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

40. Upon information and belief, the answering defendant has no liability to plaintiff by reason of plaintiff having undertaken conduct such as to assume the risk of all that conduct complained of by plaintiff having flowed there from.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

41. Upon information and belief, any damage or damages sustained by the plaintiff herein were not caused by the wrongdoing on the part of the answering defendant, its servants, agents or employees, but were caused solely by the wrongdoing of plaintiff and that such conduct requires diminution of any award, verdict or judgment that plaintiff may recover against said answering defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

42. Any award to the plaintiffs for economic loss shall be reduced by the amount of economic loss received by collateral sources.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

43. Plaintiffs have failed to take the necessary measures to mitigate the damages complained of herein.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

44. Upon information and belief, in the event that a judgement is rendered against the answering defendant, he shall not be responsible for more than his proportionate share of liability.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

45. Plaintiff is not permitted to recover under any other theories brought forth in the Summons and Complaint due to the doctrine of unclean hands as plaintiff provoked the alleged incident.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

46. That at the time complained of answering defendant was off duty and in compliance with New York Police Department protocol and regulations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

47. That the instant action is barred in that the plaintiff has commenced a prior and now pending action in State Court seeking the same relief as is sought herein as against the answering defendant.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

48. Plainitff has failed to join an indispensable necessary party. The plaintiff has failed to join Ian Walsh, who is an indispensable necessary party to this action.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANT THE CITY OF NEW YORK

49. Although the answering defendant has denied the allegations of the plaintiff with respect to any wrongdoing on the part of the said defendant, nevertheless, in the event that there is a verdict or judgment in favor of the plaintiff against the answering defendant, then, in that event, the said defendant demands judgment over and against the aforementioned co-defendant by reason of their wrongful conduct being primary and/or active while any wrongdoing on the part of the answering defendant, if any, was secondary and/or passive and the indemnity is to be full and complete.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANT THE CITY OF NEW YORK

50. That although the answering defendant has denied the allegations of the plaintiff with respect to any wrongdoing on the part of the said defendant, nevertheless, if it is found that the answering defendant is liable to the plaintiff and if complete indemnity is not granted in furtherance of the first cross-claim hereinabove, then the answering defendant is, nevertheless, entitled to contribution from the co-defendant, above-named in proportion to the relative degrees of wrongdoing as between the parties.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANT THE NEW YORK CITY POLICE DEPARTMENT

51. Although the answering defendant has denied the allegations of the plaintiff with respect to any wrongdoing on the part of the said defendant, nevertheless, in the event that there is a verdict or judgment in favor of the plaintiff against the answering defendant, then, in that event, the said defendant demands judgment over and against the aforementioned co-defendant by reason of their wrongful conduct being primary and/or active while any wrongdoing on the part of the answering defendant, if any, was secondary and/or passive and the indemnity is to be full and complete.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANT THE NEW YORK CITY POLICE DEPARTMENT

52. That although the answering defendant has denied the allegations of the plaintiff with respect to any wrongdoing on the part of the said defendant, nevertheless, if it is found that the answering defendant is liable to the plaintiff and if complete indemnity is not granted in furtherance of the first cross-claim hereinabove, then the answering defendant is, nevertheless, entitled to contribution from the co-defendant, above-named in proportion to the relative degrees of wrongdoing as between the parties.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANT TAPPED 1010 INC.

53. Although the answering defendant has denied the allegations of the plaintiff with respect to any wrongdoing on the part of the said defendant, nevertheless, in the event that there is a verdict or judgment in favor of the plaintiff against the answering defendant, then, in that event, the said defendant demands judgment over and against the aforementioned co-defendant by reason of their wrongful conduct being primary and/or active while any wrongdoing on the part of the answering defendant, if any, was secondary and/or passive and the indemnity is to be full and complete.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANT TAPPED 1010 INC.

54. That although the answering defendant has denied the allegations of the plaintiff with respect to any wrongdoing on the part of the said defendant, nevertheless, if it is found that the answering defendant is liable to the plaintiff and if complete indemnity is not granted in furtherance of the first cross-claim hereinabove, then the answering defendant is, nevertheless, entitled to contribution from the co-defendant, above-named in proportion to the relative degrees of wrongdoing as between the parties.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANT MXL LLC

55. Although the answering defendant has denied the allegations of the plaintiff with respect to any wrongdoing on the part of the said defendant, nevertheless, in the event that there is a verdict or judgment in favor of the plaintiff against the answering defendant, then, in that event, the said defendant demands judgment over and against the aforementioned co-defendant by reason of their wrongful conduct being primary and/or active while any wrongdoing on the part of the answering defendant, if any, was secondary and/or passive and the indemnity is to be full and complete.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANT MXL LLC

56. That although the answering defendant has denied the allegations of the plaintiff with respect to any wrongdoing on the part of the said defendant, nevertheless, if it is found that the answering defendant is liable to the plaintiff and if complete indemnity is not granted in furtherance of the first cross-claim hereinabove, then the answering defendant is, nevertheless, entitled to contribution from the co-defendant, above-named in proportion to the relative degrees of wrongdoing as between the parties.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANT IAN WALSH

57. Although the answering defendant has denied the allegations of the plaintiff with respect to any wrongdoing on the part of the said defendant, nevertheless, in the event that there is a verdict or judgment in favor of the plaintiff against the answering defendant, then, in that event, the said defendant demands judgment over and against the aforementioned co-defendant by reason of their wrongful conduct being primary and/or active while any wrongdoing on the part of the answering defendant, if any, was secondary and/or passive and the indemnity is to be full and complete.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANT IAN WALSH

58. That although the answering defendant has denied the allegations of the plaintiff with respect to any wrongdoing on the part of the said defendant, nevertheless, if it is found that the answering defendant is liable to the plaintiff and if complete indemnity is not granted in furtherance of the first cross-claim hereinabove, then the answering defendant is, nevertheless, entitled to contribution from the co-defendant, above-named in proportion to the relative degrees of wrongdoing as between the parties.

WHEREFORE, the defendant, **FRANCESCO COLAVITO,** demands judgment dismissing the Complaint herein as to said defendant and further demands that the ultimate rights of the defendant be determined in this action and that the answering defendant has judgment over and against the co-defendants, **THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, TAPPED 1010 INC., MXL LLC, AND IAN WALSH** for all, or alternatively that portion of any verdict or judgment which may be obtained by plaintiff against said defendant, to the extent that the responsibility of the aforesaid co-defendants contributed hereto, together with the costs and disbursements of this action.

DATED: White Plains, New York
May 22, 2018

Yours, etc.,

PENINO & MOYNIHAN, LLP

BY: _____
Henry L. Liao (HL6071)
Attorneys for Defendant
**FRANCESCO COLAVITO**
1025 Westchester Avenue, Suite 403
White Plains, New York 10604
(914) 949-6996
Our File No.: 12-3211

TO: Lipsig Shapey Manus & Moverman, PC
Attorneys for Plaintiff
40 Fulton St.
New York, NY 10038-1850

Zachary W. Carter,
Corporation Counsel
Attorneys for Defendant
CITY OF NEW YORK
100 Church Street, Room 3-133b
New York, NY 10007

Kaufman Borgeest & Ryan, LLP
Attorneys for Defendant
Tapped 1010, Inc.

1205 Franklin Ave., Ste. 200
Garden City, NY 11530

Arienne Lynch, Esq.
Attorney for Defendant
MXL, LLC
1060 Park Blvd.
Massapequa Park, NY 11762

Ian M. Walsh
Defendant, Pro Se
11 Harbour Lane
Massapequa, NY 11758