UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X  Docket No.: 17-cv-04327
VINCENT MOSCA,                                                              (SJF) (SIL)

                                        Plaintiff,

-against-

THE CITY OF NEW YORK, FRANCESCO COLAVITO,
TAPPED 1010 INC., MXL LLC, and IAN M. WALSH.

                                        Defendants.
------------------------------------------------------------------------X

## Defendant Francesco Colavito's Objections to Report and Recommendation

Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 72.1, defendant Francesco Colavito ("Colavito") timely objects to Magistrate Judge Steven I. Locke's December 26, 2018, Report and Recommendation (Docket Entry 104), to the extent it recommends dismissal of Colavito's cross claims against co-defendant City of New York (the "City").

## Preliminary Statement

Colavito requests the Court modify the Report and Recommendation by rejecting the recommendation "dismissing the City as a Defendant/Cross-Defendant in this litigation" relative to Colavito's cross-claims (Docket Entry 104, p. 23). The Report and Recommendation erred insofar as it recommends Colavito's cross claims be dismissed *sua sponte*, as Colavito could not have reasonably anticipated his cross claims would be subject to dismissal when the City filed an answer (Docket Entry 97), and the issue of Colavito's cross claims was never briefed or discussed relative to the City's motion against the plaintiff (Docket Entry 92) or its motion against co-defendant, Tapped 1010, Inc. ("Tapped") (Docket Entry 95).

1

## Standard of Review

A timely objection to a Magistrate Judge's Report and Recommendation mandates *de novo* review by the District Court, which "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge ... receive further evidence or recommit the matter to the magistrate judge with instructions". 28 USC § 636(b)(1).

## Legal Standard

A motion to dismiss based upon failure to state a claim "must be made before pleading if responsive pleading is allowed". Fed. R. Civ. P. 12(b). "Though the district court has the power to dismiss a complaint sua sponte for failure to state a claim on which relief can be granted, it may not properly do so without giving the plaintiff an opportunity to be heard" (internal citations omitted). *Thomas v. Scully*, 943 F. 2d 259 (2nd Cir. 1991). "A district court may not convert a motion under [Rule 12(b)(6)] into a Rule 56 motion for summary judgment without sufficient notice to an opposing party and an opportunity for that party to respond. The essential inquiry is whether the appellant should reasonably have recognized the possibility that the motion be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings" (internal citations and quotation marks omitted). *Groden v. Random House, Inc.*, 61 F. 3d 1045 (2nd Cir. 1995).

## Argument

### Colavito had no notice or reason to anticipate *sua sponte* dismissal of his cross claims against the City.

*Sua sponte* dismissal of Colavito's cross claims was improper as the City filed an answer to same, Colavito did not participate in the motion against plaintiff or the motion

2

against Tapped, and nothing in the other parties' submissions indicated that Colavito's cross claims were at issue. Thus, Colavito had no reason to participate in the motions unrelated to him; no reason to anticipate *sua sponte* dismissal under Rule 12(b)(6); and no reason to believe that Rule 12(b)(6) motions against others would be converted into a Rule 56 motion against him. In light of the foregoing, that portion of the Report and Recommendation recommending dismissal of all cross-claims against the City should be rejected or modified relative to Colavito's cross claims against the City.

In *Thomas*, *supra*, the court held that "dismissal pursuant to Rule 12(b)(6) was inappropriate, both because it was sua sponte and thus gave Thomas no opportunity to defend the complaint, and because, whatever its merit, the complaint did state a claim on which relief could be granted". *Thomas*, at 260.

Notwithstanding the fact that the Rule 12(b)(6) motions were not against Colavito, the issue in both motions was limited to the sufficiency of the pleadings by plaintiff and Tapped. Although Tapped and Colavito both asserted claims for contribution and indemnity, the rationale for dismissing Tapped's claims, those of a bar on Long Island with no relationship to the City, do not apply to Colavito, who was employed as a police officer by the City at the time of the incident alleged. The case *Woo v. City of New York*, 1996 WL 457337 (EDNY, 1996), is illustrative, as it involved the cross-claims of an off-duty police officer employed by the City who allegedly spit in the eye of a motorist, *inter alia*. In denying the City's motion to dismiss the off-duty officer's cross-claim for indemnification, the court held that the issue of whether the officer was acting "within the scope of his employment" was a jury question; and that the cross-claim arose from "the same nucleus of operative facts as the federal claims", warranting supplemental jurisdiction. *Id*, at 41.

## Conclusion

In light of the foregoing, it is respectfully submitted that the portion of the Report and Recommendation recommending dismissal of all cross-claims should be rejected or modified relative to Colavito's cross claims, as Colavito's claims were not the subject of the prior motions, he was not given an opportunity to be heard, and he had no reason to anticipate that 12(b)(6) motions against plaintiff and Tapped would be converted into a Rule 56 motion against him.

DATED: White Plains, New York
January 9, 2019

Respectfully,

PENINO & MOYNIHAN, LLP

BY: _____
Henry L. Liao
Attorneys for Defendant
**FRANCESCO COLAVITO**
1025 Westchester Avenue, Suite 403
White Plains, New York 10604
(914) 949-6996
Our File No.: 12-3211

TO: Lipsig Shapey Manus & Moverman, PC
Attorneys for Plaintiff
40 Fulton St.
New York, NY 10038-1850

Zachary W. Carter
Corporation Counsel of the City of New York
100 Church Street, Room 3-133b
New York, NY 10007

Kaufman Borgeest & Ryan, LLP
Attorneys for Co-Defendant
Tapped 1010, Inc.
1205 Franklin Ave., Ste. 200
Garden City, NY 11530

*No appearance by MXL or Ian M. Walsh