UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
VINCENT MOSCA,

                Plaintiff,

-against-

CITY OF NEW YORK, FRANCESCO
COLAVITO, TAPPED 1010 INC.,
MXL LLC and IAN M. WALSH,

                Defendants.
----------------------------------------------------------X

**ORDER**
17-CV-4327 (SJF)(SIL)

FEUERSTEIN, District Judge:

Pending before the Court are: (i) the objections of plaintiff Vincent Mosca ("plaintiff") to so much of the Report and Recommendation of the Honorable Steven I. Locke, United States Magistrate Judge, dated December 26, 2018 ("the Report") as recommends that the motion of defendant City of New York (the "City") seeking to dismiss plaintiff's claims against it in the second amended complaint ("SAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be granted, and that plaintiff's claims against the City be dismissed in their entirety with prejudice; and (ii) the objections of defendant/cross-claimant Francesco Colavito ("Colavito") to so much of the Report as recommends that the City be dismissed "as a Defendant/Cross-Defendant in this litigation." (Report at 24). For the reasons set forth below, Colavito's objections are sustained; plaintiff's objections are overruled; so much of the Report as recommends that the City be dismissed as a cross-defendant in this litigation and finds that "the failure of Plaintiff's Section 1983 cause of action [against the City] would divest this Court of subject matter jurisdiction," (*id.* at 20, n. 9), is rejected; and the Report is otherwise accepted in its entirety.

1

I.   Discussion

   A.   Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. *See* Fed. R. Civ. P. 72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error.")

Moreover, "a district court generally will not consider new arguments raised for the first time in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 51 (E.D.N.Y. 2015) (citing cases); *see also Santiago v. City of New York*, No. 15-cv-517, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 27, 2016), *aff'd*, 697 F. App'x 36 (2d Cir. Sept. 6, 2017) ("[C]ourts ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance." (quotations and citation omitted)); *Michalow v. East Coast Restoration & Consulting Corp.*, No. 09-cv-5475, 2018 WL

1559762, at * 6 (E.D.N.Y. Mar. 31, 2018) ("[F]or the district judge to review new evidence or arguments would reduce the magistrate's work to something akin to a meaningless dress rehearsal." (quotations and citation omitted))[1].

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] The only statement regarding plaintiff's purported state law *respondeat superior* claims in its opposition to the City's motion to dismiss the SAC is: *"Aside from any claims based on respondeat superior*, the City was negligent in failing to properly screen, train, retrain, supervise and discipline its police officers generally, and Colavito specifically." (Plaintiff's Memorandum of Law in Opposition to the City's Motion to Dismiss the SAC at 20). Although the Court may have discretion to consider arguments not previously or properly presented to the magistrate judge in connection with a report and recommendation, *see Levy v. Young Adult Inst., Inc.*, 103 F. Supp. 3d 426, 433 (S.D.N.Y. 2015), the Court declines to do so here, particularly since, *inter alia*, (i) plaintiff proffers no explanation for his failure to raise his arguments regarding his state law *respondeat superior* claims before Magistrate Judge Locke and entirely ignores the Court's prior finding that plaintiff abandoned his state law claims, including his *respondeat superior* claim, by failing to address the City's arguments seeking dismissal of those claims in its motion to dismiss the first amended complaint, (*see* Order dated May 18, 2018 at 2, n. 1; Report at 14); (ii) he does not identify any intervening case or statute that has changed the state of the law with respect to those claims; (iii) no manifest injustice will result; and (iv) issues of efficiency and fairness militate against consideration of the new arguments regarding plaintiff's state law claims, which could have, and should have, been raised in the first instance in his opposition to the City's motion to dismiss the SAC for consideration by the magistrate judge. *See generally Levy*, 103 F. Supp. 3d at 433-34; *Michalow*, 2018 WL 1559762, at * 6 ("Although a district judge may entertain new evidence and new arguments when reviewing a report and recommendation, doing so is disfavored absent a most compelling reason for the failure to present such evidence or arguments in the first instance." (quotations and citation omitted)). In any event, plaintiff's objections with respect to his state law *respondeat superior* claims, (*see* Plf. Obj. at 11-14), are without merit. (*See* Report and Recommendation dated April 24, 2018 at 14-16).

B. Objections

1. Plaintiff's Objections

Plaintiff contends, *inter alia*, that Magistrate Judge Locke erred in finding that the SAC: (i) "failed to set forth facts tending to support, at least circumstantially, an inference that [] a municipal policy or custom exists, . . . since the SAC contains allegations that, (a) for several years prior to the incident giving rise to the within action, NYPD would engage in an existing, systematic practice of overturning Departmental decisions deeming officers 'unsuitable,' and substituting said decisions with 'glowing endorsements,' (SAC at ¶¶ 8-11, 35-37, 48-51, 72-77); and that (b) throughout these purportedly prior similar incidents, NYPD supervisors and investigators admitted that 'the fix was in,' meaning that NYPD would manipulate investigations 'in an unfair system in which favors were granted to help certain disqualified – and possibly dangerous – candidates become NYPD cops' by 'pushing them through the system,' (SAC at ¶¶ 8-11), thereby maintaining a negligent custom and practice of screening, hiring, retaining and supervising its police officers wherein senior NYPD officials would systematically either actively overturn or negligently overlook off-duty improprieties by NYPD officers which tendered them unsuitable to be employed as policy [sic] officers (SAC at ¶ 6)," (Plf. Obj. at 2 [first brackets in original] [quotations and citation omitted]; *see also id.* at 5-6); and (ii) "failed to demonstrate a manifest failure to train, supervise or discipline its employees, . . . despite the inclusion of facts in the SAC with respect to: (a) a prior well-documented NYPD custom and practice wherein NYPD acted with 'deliberate indifference' by virtue of an existing 'unfair system in which favors are granted to help certain disqualified – and possibly dangerous – candidates become NYPD cops,' (SAC at ¶ 11); (b) similar, specific *prior* incidents of NYPD overlooking or actively overturning officer unsuitability determinations despite such officers'

4

involvement in precisely the same conduct as defendant Colavito in this case – 'more than 10' physical altercations, and improperly flashing his badge[,] (SAC at ¶ 9); and (c) the fact that these prior events occurred as far back as 2012, three years before the incident at issue in this action." (Plf. Obj. at 2-3 [emphasis in original] [quotations, brackets and citation omitted]; *see also Id.* at 7-8). Plaintiff further contends, *inter alia*, that Magistrate Judge Locke "incorrectly limited [his] discussion with respect to the nature of the prior incidents to a dissimilar 'parking ticket' event . . . and failed to consider prior incidents, occurring as far back as 2012, of officers improperly flashing their badge and of instigating physical alterations." (Plf. Obj. at 3, 8).

In addition, plaintiff contends that Magistrate Judge Locke erred in recommending: (i) that plaintiff's state common law negligence and negligent hiring/retention claim be dismissed because he "fail[ed] to consider . . . evidence that NYPD knew or should have known of its employees' propensity for the conduct which caused the injury prior to this incident occurring, . . . and [r]equir[ed] the inclusion of evidence that Colavito himself engaged in similar, specific prior incidents, while simultaneously depriving Plaintiff of documentation in NYPD's exclusive possession and control with respect to Colavito's Candidate Assessment file or Personnel Index," (Plf. Obj. at 3, 8-9) (quotations, alterations and emphasis omitted); and (ii) that plaintiff's state common law negligence claim against the City be dismissed "as duplicative of [his] assault and battery claims against Colavito and Walsh, [because] the conduct complained of as against [the City] is alleged to be based entirely, not on Colavito [sic] and Walsh's assault and battery upon Plaintiff, but rather on [the City's] own, independent negligence in systematically overturning or overlooking off-duty improprieties by NYPD officers despite being on actual notice of multiple prior similar incidents." (*Id.* at 3 [emphasis omitted]; *see also Id.* at 11-12). According to plaintiff, the SAC states a plausible claim for negligent hiring/retention, insofar as it specifically

alleges that the City (i) knew or should have known Colavito "was unfit for duty when he caused the false arrest, false imprisonment, intentional, unlawful and substantial restraint, detention, and assault and battery of the Plaintiff[,] (SAC, at paragraphs 3-4), . . . [and] had a history of, and a psychological tendency to engage in undue acts of aggressive/violent/bizarre behavior/bullying/alcoholism/mental disturbance, that he closely associated with persons who engaged in such acts, and that he violated numerous NYPD rules and guidelines ([SAC], at paragraphs 4, 36, 104, 120)," (Plf. Obj. at 10); (ii) "failed to retrain [Colavito], suspend him, or terminate his employment despite his continuation of such acts ([SAC] at paragraphs 37, 69, 121, 123)," (Plf. Obj. at 11); and (iii) "engaged in a custom and practice of failing to recognize, or of overruling adverse determinations, and otherwise failed to properly investigate, screen, evaluate, test, train, supervise and examine Colavito both prior and after hiring him ([SAC] at paragraph 101)." (Plf. Obj. at 11).

Upon *de novo* review of the Report, all motion papers and the pleadings, and consideration of plaintiff's objections to the Report, and the City's response thereto, the objections are overruled and so much of the Report as recommends dismissal of plaintiff's claims against the City in the SAC is accepted in its entirety. A municipality, or policymaker thereof, "does not exhibit deliberate indifference by failing to train employees for rare or unforeseen events." *Wray v. City of New York*, 490 F.3d 189, 196 (2d Cir. 2007) (quotations, alterations and citation omitted). A few instances of purported misconduct by a small number of city employees over a period of several years falls "far short of showing a policy, custom or usage of officers to abuse the rights of [those with whom they come into contact], and far short of showing abusive conduct among officers so persistent that it must have been known to

supervisory authorities." *Jones v. Town of E. Haven*, 691 F.3d 72, 85 (2d Cir. 2012); *see, e.g. Greene v. City of New York*, 742 F. App'x 532, 537 (2d Cir. July 19, 2018) (summary order).

In addition, the prior instances of misconduct must be sufficiently similar to the constitutional deprivations alleged by the plaintiff as to have put the City on notice that specific training was necessary, or that there existed "a specific deficiency in the city's training program." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 129 (2d Cir. 2004); *see, e.g. Simms v. City of New York*, 480 F. App'x 627, 631, n. 4 (2d Cir. May 16, 2012) (summary order). Moreover, "contemporaneous or subsequent conduct cannot establish a pattern of violations that would provide notice to the city and the opportunity to conform to constitutional dictates[.]" *Connick v. Thompson*, 563 U.S. 51, 63, n. 7, 131 S. Ct. 1350, 179 L. Ed. 2d 417 (2011) (quotations, alterations and citation omitted); *see also Greene*, 742 F. App'x at 536-37 ("A plaintiff cannot point to contemporaneous or subsequent violations to establish a pattern of violations that [] provided notice to the city that it needed [] to conform its training or supervising program to constitutional dictates." (quotations, alterations and citation omitted)). Accordingly, Magistrate Judge Locke correctly found, *inter alia*, that the other incidents alleged by plaintiff in the SAC are insufficient to support a plausible claim for municipal liability under Section 1983.

Since, *inter alia*, plaintiff has not alleged any facts to support his conclusory contentions that a municipal policy or custom existed, much less that any such policy or custom caused the purported deprivation of his constitutional rights, the SAC fails to state a claim for municipal liability under Section 1983. *See Jones*, 691 F.3d at 80; *e.g. Uwadiegwu v. Dep't of Soc. Servs. of County of Suffolk*, 639 F. App'x 13, 16 (2d Cir. Jan. 14, 2016) (summary order); *McCray v.*

*Patrolman N.A. Caparco*, --- F. App'x ---, 2019 WL 409430, at * 3 (2d Cir. Jan 31. 2019) (summary order); *Simms*, 480 F. App'x at 630-31.

Magistrate Judge Locke also correctly found, *inter alia*, that the SAC fails to state plausible state law claims against the City for negligence, negligent and intentional infliction of emotional distress and negligent hiring and retention. Accordingly, for the reasons set forth in the Report, the City's motion to dismiss plaintiff's claims against it in the SAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and plaintiff's claims against the City are dismissed in their entirety for failure to state a plausible claim for relief.

### 2. Colavito's Objections

Colavito objects to the Report "to the extent it recommends dismissal of [his] cross claims against [the City]." (Colavito's Objections to Report ["Colavito Obj."] at 1). Colavito contends, *inter alia*, that Magistrate Judge Locke erred in purportedly recommending that his crossclaims "be dismissed *sua sponte*, as [he] could not have reasonably anticipated his cross claims would be subject to dismissal when the City filed an answer . . . and the issue of [his] cross claims was never briefed or discussed relative to the City's motion against the plaintiff . . . or its motion against . . . Tapped 1010 Inc. ['Tapped']." (*Id.*). According to Colavito, although both he and Tapped "asserted claims for contribution and indemnity, the [Report's] rationale for dismissing Tapped's claims, those of a bar on Long Island with no relationship to the City, do not apply to Colavito, who was employed as a police officer by the City at the time of the incident alleged." (*Id.* at 3).

In response to Colavito's objections, the City contends, *inter alia*, that although it "does not believe that Magistrate Judge Locke intended to rule on the merits of . . . Colavito's cross-claims [sic] against the City since the City did not move against th[o]se cross-claims [sic] pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, should this Court adopt . . . [the Report] as to the dismissal of plaintiff's federal claims against the City with prejudice, as Magistrate Judge Locke correctly noted, such would 'divest this Court of subject matter jurisdiction over the litigation under 28 U.S.C. §§ 1331 and 1367.'" (The City's Response to Colavito's Objections at 1) (quoting Report at 20, n. 9). Accordingly, the City contends, *inter alia*, that "the Court should decline supplemental jurisdiction and dismiss the remainder of the action for lack of subject matter jurisdiction if . . . [the Report] as to the dismissal of plaintiff's federal claims is adopted." (*Id.*).

The Report, *inter alia*, recommends granting both the City's motion to dismiss plaintiff's claims against it in the SAC and the City's separate motion seeking to dismiss the crossclaims asserted against it by Tapped pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure in their entirety, and also recommends, in relevant part, that the "cross claims against the City be dismissed with prejudice[,]" (Report at 1), and that the City be dismissed "as a Defendant/Cross-Defendant in this litigation." (*Id.* at 24). To the extent that the Report can be construed as recommending that the crossclaims asserted against the City by Colavito in his answer to the SAC be dismissed *sua sponte*, such recommendation is rejected. *See generally Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018) ("An opportunity to be heard prior to dismissing a case is not a mere formality and the reasons are straightforward: 'No principle is more fundamental to our system of judicial administration than that a person is entitled to notice

before adverse judicial action is taken against him.'" (quoting *Lugo v. Keane*, 15 F.3d 29, 30 (2d Cir. 1994))).

Moreover, although plaintiff's Section 1983 claims against the City are dismissed in their entirety for failure to state a plausible claim for relief, the SAC can arguably be read to assert Section 1983 claims against Colavito, individually, for false arrest, false detention and assault, (*see* SAC ¶¶ 80-84, 86-94), and the Report even finds that plaintiff "has plausibly alleged that Colavito acted under the color of state law." (Report at 10). Since this Court clearly retains original subject matter jurisdiction over those federal claims pursuant to 28 U.S.C. § 1331, it has supplemental jurisdiction over the remaining state law claims and crossclaims in this action pursuant to 28 U.S.C. § 1367. Accordingly, so much of the Report as finds that "the failure of Plaintiff's Section 1983 cause of action [against the City] would divest this Court of subject matter jurisdiction," (Report at 20, n. 9), is rejected.

C.  Findings and Conclusion to which No Objections Made

No party assigns any error to so much of the Report as, *inter alia*, (i) finds that plaintiff "plausibly alleged that Colavito acted under the color of state law," (Report at 10); or (ii) recommends (A) that the City's motion to dismiss the crossclaims asserted against it by Tapped in its answer to the first amended complaint, (DE 70), "be denied as moot because it relates to an inoperative earlier pleading[,]" (Report at 1, n. 1), (B) that the City's motion to dismiss the crossclaims asserted against it by Tapped in its answer to the SAC be granted and Tapped's crossclaims against the City be dismissed in their entirety with prejudice, and (C) that "leave to amend be denied *sua sponte*." (*Id.* at 21). There being no clear error on the face of the Report

10

with respect thereto, those branches of the Report are accepted in their entirety. Accordingly, for the reasons set forth in the Report, the City's motion to dismiss the crossclaims asserted against it by Tapped in its answer to the first amended complaint, (DE 70), is denied as moot; the City's motion to dismiss the crossclaims asserted against it by Tapped in its answer to the SAC is granted; Tapped's crossclaims against the City are dismissed in their entirety with prejudice; and plaintiff's claims against the City are dismissed in their entirety with prejudice.

II.    Conclusion

For the reasons set forth above, Colavito's objections are sustained; plaintiff's objections are overruled; so much of the Report as recommends that the City be dismissed as a cross-defendant in this litigation and finds that "the failure of Plaintiff's Section 1983 cause of action [against the City] would divest this Court of subject matter jurisdiction," (Report at 20, n. 9), is rejected, and the Report is otherwise accepted in its entirety. For the reasons set forth in the Report, the City's motion to dismiss the crossclaims asserted against it by Tapped in its answer to the first amended complaint, (DE 70), is denied as moot; the City's motions to dismiss plaintiff's claims against it and the crossclaims asserted against it in Tapped's answer to the SAC, (DE 92 and 99, respectively), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure are granted; and plaintiff's claims and Tapped's crossclaims against the City are dismissed in their entirety with prejudice. In light of this determination, the stay of discovery granted pursuant to this Court's order dated June 25, 2018 is vacated; all discovery shall be completed by no later than August 26, 2019; and the pretrial conference scheduled to be held

before the undersigned on May 1, 2019 is adjourned to **September 16, 2019 at 11:15 a.m.** in Courtroom 1010 at the Central Islip Courthouse.

SO ORDERED.

                                                               /s/
                                       SANDRA J. FEUERSTEIN
                                       United States District Judge

Dated:  February 25, 2019
         Central Islip, New York