UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

VINCENT MOSCA,

                     Plaintiff,                           17-CV-4327 (SJF) (SIL)

   -against-

THE CITY OF NEW YORK, FRANCESCO
COLAVITO, TAPPED 1010 INC., MXL LLC,
and IAN WALSH,

                     Defendants.

-------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT THE CITY OF NEW YORK'S MOTION TO DISMISS COLAVITO'S THIRD-PARTY CLAIMS

Henry L. Liao, Esq.
PENINO & MOYNIHAN, LLP
1025 Westchester Avenue, Suite 403
White Plains, New York 10604
Tel: (914) 949-6996
Fax: (914) 949-6203
E-mail: hliao@peninomoynihanlaw.com
File No. 12-3211

March 28, 2019

# TABLE OF CONTENTS

Page

Preliminary Statement..................................................................................................1

Statement of Facts.......................................................................................................1

Legal Standard............................................................................................................2

Argument....................................................................................................................3

    Point I:    The pleadings allege plausible facts supporting a claim for indemnity..............................................................3

        A.    The pleadings sufficiently allege Colavito was acting in the scope of employment.......................................................3

        B.    A rule violation or the scope of employment issue was not previously determined..........................................................4

        C.    GML § 50-k does not preclude indemnification............................6

Conclusion..................................................................................................................7

# TABLE OF AUTHORITIES

<b><u>Page</u></b>

## CASES

*Alifieris v. American Airlines, Inc.*, 63 NY2d 370 (NY Ct. of App., 1984) .................................. 4

*Barton v. City of New York*, 831 NYS 2d 882 (NY Sup. Ct., Kings Cty, 2007) .......................... 3

*Delaney v. City of Albany*, 1:12-cv-1575 (LEK/RFT);
    2014 US Dist. LEXIS 23425 (NDNY 2014) ............................................................................ 3

*Geron v. Seyfarth Shaw LLP*, 736 F.3d 213 (2nd Cir. 2013) ................................................. 2, 3

*Harris v. Rivera*, 921 F. Supp. 1058 (SDNY 1995) ........................................................................ 6

*Isaacs v. City of New York*, 17-cv-03957-ARR-SMG;
    2019 US Dist. LEXIS 41044; 2019 WL 1208787 (EDNY 2019) ................................... 3, 4, 5, 6

*Roth v. Jennings*, 489 F.3d 499 (2nd Cir. 2007) .............................................................................. 3

*Woo v. City of New York*, 93 Civ. 7007 (AJP) (SDNY 1996);
    1996 US Dist. LEXIS 11689; 1996 WL 457337 .................................................................... 4

## STATUTES

Federal R. Civ. Procedure, Rule 12(b)(6) ......................................................................................... 2

Federal R. Civ. Procedure, Rule 12(c) ......................................................................................... 1, 2

GML § 50-j ....................................................................................................................................... 3

GML § 50-k ...................................................................................................................................... 6

New York Penal Law § 140.10(3) .................................................................................................... 4

## Preliminary Statement

This memorandum of law is respectfully submitted on behalf of defendant Francesco Colavito ("Colavito") in opposition to the motion by third-party defendant City of New York (the "City") to dismiss his third-party claims pursuant to Federal Rule of Civil Procedure Rule 12(c).

## Statement of Facts

Plaintiff alleges Colavito, an off-duty probationary officer with the New York Police Department ("NYPD"), was acting "in the course and scope of" his duty as an NYPD officer when he told plaintiff "I'm with the NYPD, you're not going anywhere", "flashed his NYPD badge" and "detained" plaintiff before a co-defendant, Ian M. Walsh ("Walsh"), punched the plaintiff, causing personal injury. Second Amended Complaint ("SAC"), Docket Entry ("DE") 78, ¶¶ 22, 23, 41, 48, 49, 52, 53. Plaintiff alleges that Colavito failed to render aid after he was injured. *Id*, ¶ 54. Plaintiff does not allege that Colavito struck him. *Id, in toto*. Plaintiff asserts Colavito failed to report this incident to the NYPD. *Id*, ¶ 66. Plaintiff alleges the incident occurred in the "Tap Room" bar located at 1010 Park Boulevard, Massapequa, New York. SAC, ¶¶ 16, 26. Plaintiff commenced suit and named the City as a defendant in the original and all subsequent complaints. DE 1, 49, 78. The City was served with the summons and complaint the same day as Colavito. DE 6, 9.

Colavito's answer asserts that "he was a police officer in the NYPD and received training". Answer to Amended Complaint with Affirmative Defense and Cross Claims ("Answer"), DE 86, ¶ 13. Colavito denied failing to report the incident to the NYPD. Id, ¶ 19. Colavito's answer states that "he spoke to Officer Healy and that his employment was terminated without any explanation from the NYPD". *Id*, ¶ 22. Colavito denied acting "unlawfully". Id, ¶ 27. Colavito denied intentionally causing harm to plaintiff. Id, ¶ 28, 29.

Colavito's answer asserted cross-claims for contribution and indemnification against the City. Answer, ¶¶ 53, 54. In its answer, the City asserted, *inter alia*, that "The cross-claims against the City are not ripe for adjudication". Answer of Defendant City of New York to Cross Claims of Francesco Colavito, DE 97, ¶ 8. Colavito's cross-claims were converted into third-party claims as plaintiff's complaint was dismissed relative to the City. Order of District Judge Sandra J. Feurestein, dated February 25, 2019, DE 109. In its order, Judge Feurestein noted that "plaintiff 'has plausibly alleged that Colavito acted under the color of state law'" (quoting Report and Recommendation at DE 104). *Id*, p. 10.

In support of its motion the City submits a transcript of "an Article 78 proceeding wherein [Colavito] is a probationary police officer that is challenging the termination of his employment". Ex. "A", p. 2, lines 2-5. Counsel for Colavito at the hearing noted the City did not "even allow him to submit what's called a ten-day letter". Ex. "A" p. 3, lines 11-12. Counsel for the City at the hearing acknowledged that in "probationary termination cases, the standard is that a probationary employee can be terminated for any reason, or no reason at all, as long as it is not in bad faith". Ex. "A", p. 9, lines 19-22. The City did not assert the violation of a rule as the basis for termination, only that Colavito "is not someone we want wearing our uniform". Ex. "A", p. 10, lines 20-21.

## **Legal Standard**

In adjudicating a motion pursuant to Rule 12(c), the court may consider "the complaint, any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies" (citation omitted). *Geron v. Seyfarth Shaw LLP*, 736 F. 3d 213 (2nd Cir. 2013). The standard for deciding a Rule 12(c) motion is the same standard as dismissals under Rule 12(b)(6), meaning that all allegations are accepted as true and all inferences are in the plaintiff's favor. *Geron, supra*. To

survive such a motion, a claim must allege sufficient facts that "state a claim to relief that is plausible on its face" (quotation marks and citations omitted). *Id*. "A motion brought under 12(c) … is brought after the close of the pleadings, implicating the pleadings as a whole" (citation omitted). *Delaney v. City of Albany*, 1:12-cv-1575 (LEK/RFT); 2014 US Dist. LEXIS 23425 (NDNY 2014). "[E]ven if not attached or incorporated by reference, a document upon which the complaint solely relies and which is integral to the complaint may be considered by the court" (internal citations and quotation marks omitted). *Roth v. Jennings*, 489 F. 3d 499 (2nd Cir. 2007).

## Argument

### Point I: The pleadings allege plausible facts supporting a claim for indemnity.

A police officer seeking indemnification from the City "need only provide a sufficient basis for a finding that he was arguably engaged in police business … [t]o survive a motion to dismiss" (internal citations and quotation marks omitted). *Isaacs v. City of New York*, 17-cv-03957-ARR-SMG; 2019 US Dist. LEXIS 41044; 2019 WL 1208787 (EDNY 2019).

#### A. The pleadings sufficiently allege Colavito was acting in the scope of employment.

"Courts have previously interpreted the putative intentional torts of police officers in furtherance of making an arrest as being within the scope of employment" (citations omitted). *Delaney, supra*. "Here, because the alleged tort occurred in the process of law enforcement, specifically making an arrest, the statute would require indemnity". *Id*, referring to GML § 50-j.

The fact an officer "was off duty" or "beyond the geographical area of his employment" is not dispositive of the issue of whether he was acting within the scope of his employment", since "officers are responsible for enforcing the law any time [sic], anywhere in this state" (internal citations omitted). *Barton v. City of New York*, 831 NYS 2d 882 (NY Sup. Ct., Kings Cty, 2007);

3

*Isaccs, supra, Alifieris v. American Airlines, Inc.*, 63 NY 2d 370 (NY Ct. of App., 1984); New York Penal Law § 140.10(3).

The case *Woo v. City of New York*, 93 Civ. 7007 (AJP) (SDNY 1996); 1996 US Dist. LEXIS 11689; 1996 WL 457337, is on point, wherein an off-duty police officer allegedly spat upon and struck a motorist with his gun during a road rage incident. The question of whether the off-duty officer "acted within the scope of his employment or because of a personal traffic confrontation during his confrontation with plaintiff ... is a disputed question of fact for the jury to determine" (citations omitted). *Id.*

In the instant case, the complaint is integral to Colavito's answer with cross-claims. The pleadings expressly state that Colavito was a police officer at the time of the incident, that he identified himself as such, and that he was making an arrest. These allegations are stated in the complaint and Colavito's answer refers to each of these allegations. Colavito's answer independently states Colavito was a police officer and that he did not act unlawfully or intentionally to cause harm. Colavito specifically denied the allegation that he failed to report the incident. Thus, the pleadings allege facts sufficient to state a claim for indemnification.

**B. A rule violation or the scope of employment issue was not previously determined.**

The City's assertion the Article 78 proceeding establishes that Colavito was in violation of the rules of the NYPD is without merit. The issue determined by the Article 78 proceeding was whether Colavito's termination was proper. The legal standard cited in dismissing the petition was a probationary officer could be terminated for any reason so long as it was not in bad faith. Neither Corporation Counsel nor the court hearing the petition indicated Colavito's termination was based upon the violation of any rule. Moreover, there remains a material discrepancy between plaintiff's

allegation that Colavito's conduct was that of a police officer making an arrest and the City's assertion this was a purely personal matter.

The Court has already determined the complaint plausibly alleges Colavito acted under color of law. Although scope of employment and color of law are separate issues, a jury could not find Colavito liable under § 1983 without first determining whether Colavito's alleged conduct, viewed objectively, reflected that of a police officer invoking his statutory authority to conduct an arrest within the state, or whether his alleged conduct was that of a private citizen. An "employee's subjective characterization of [an] incident is not dispositive of the issue of whether he acted within the scope of his employment", the "test must be an objective, not a subjective one", and "an inquiry into the undeclared motives prompting the conduct of a policeman is irrelevant" (internal citations and quotation marks omitted). *Isaacs, supra*. Thus, whether Colavito was acting as an officer or as a private individual should be determined by a jury, not on the pleadings.

The City's assertion that the scope of employment issue was resolved by the Report and Recommendation dated April 24, 2018, is without merit. The portion of the report quoted in the City's memorandum of law refers to "purportedly unlawful actions" and "alleged tortious conduct", neither of which constitute a finding-of-fact, and neither of which were necessary to adjudicate that, which concerned plaintiff's direct claims against the City in his original complaint. City's Memorandum of Law, p. 8, quoting from DE 48.

The City's assertion that the dismissal of plaintiff's *respondeat superior* claim precludes indemnification is without merit. Plaintiff's *respondeat superior* claim was dismissed on procedural grounds and in the context of plaintiff's direct claims against the City. Order of District Judge Sandra J. Feurestein, dated February 25, 2019, DE 109, p. 3, note 1.

5

### C. GML § 50-k does not preclude indemnification.

The City's assertion the pleadings fail to establish Colavito made a request indemnification or submit the pleadings within ten days pursuant to GML § 50-k should be rejected.

The City's assertion that Colavito did not provide the summons within ten days does not preclude indemnification. Notwithstanding the fact that City received a copy of the pleadings as a party the same day as Colavito, the Article 78 transcript indicates the Corporation Counsel refused to accept a "ten-day letter".

Moreover, allegations that an officer "was acting within the scope of his employment" is sufficient to provide "a basis for an indemnification claim against the City". *Isaacs, supra*. Furthermore, a "city employee may pursue a claim for indemnification by bringing an action in any court that has jurisdiction to hear the claim". *Harris v. Rivera*, 921 F. Supp. 1058 (SDNY 1995).

The City's assertion it was deprived of a right to determine whether to represent Colavito pursuant to GML § 50-k is irrelevant as "the City's decision regarding representation of an employee is not the same as its decision regarding the indemnification of an employee", and the "Corporation Counsel does not make a final decision about whether to indemnify an employee until after a judgment has been rendered against the employee. This is because the City does not decide whether to indemnify an employee until the issue is ripe, which does not happen until a finding of liability has been made" (citations omitted). *Id.*

In light of the foregoing, Colavito was not obligated to wait for the City to make any determinations (potentially prejudicing him via an adverse finding) before seeking relief in the form of his indemnification claim.

## Conclusion

The City's motion relative to Colavito's claim for indemnification should be denied for the reasons set forth above.

DATED: White Plains, New York
March 28, 2019

Respectfully,

**PENINO & MOYNIHAN, LLP**

BY: _____
Henry L. Liao (HL6071)
Attorneys for Defendant
**FRANCESCO COLAVITO**
1025 Westchester Avenue, Suite 403
White Plains, New York 10604
Tel: (914) 949-6996
Fax: (914) 949-6203
Email: hliao@peninomoynihanlaw.com
Our File No.: 12-3211

TO: Lipsig Shapey Manus & Moverman, PC
*Attorneys for Plaintiff – VINCENT MOSCA*
40 Fulton Street, 25th floor
New York, NY 10038-1850
Tel: (212) 285-3300
Fax: (212) 406-4544

Zachary W. Carter, Corporation Counsel of the City of New York
*Attorneys for Defendant – THE CITY OF NEW YORK*
100 Church Street, Room 3-133b
New York, NY 10007
Tel: (212) 356-3519
Fax: (212) 788-9776

Kaufman Borgeest & Ryan, LLP
*Attorneys for Defendant – TAPPED 1010 INC.*
1205 Franklin Ave., Ste. 200
Garden City, NY 11530
Tel: (516) 248-6000
Fax: (516) 248-0677

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VINCENT MOSCA,

                Plaintiff,

      -against-

THE CITY OF NEW YORK, FRANCESCO
COLAVITO, TAPPED 1010 INC., MXL LLC,
and IAN WALSH,

                Defendants.
------------------------------------------------------------X

17-CV-4327 (SJF) (SIL)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK      :
COUNTY OF WESTCHESTER   : ss:

      **JANET LEE RYDER,** being duly sworn, deposes and says: that deponent is not a party to this action and is over the age of 18 and resides at New Rochelle, New York.

      That on the **28th day of March, 2019**, deponent served the within **MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT THE CITY OF NEW YORK'S MOTION TO DISMISS COLAVITO'S THIRD-PARTY CLAIMS,** upon:

      Lipsig Shapey Manus & Moverman, PC
      *Attorneys for Plaintiff – VINCENT MOSCA*
      40 Fulton Street, 25th floor
      New York, NY 10038-1850

      Zachary W. Carter, Corporation Counsel of the City of New York
      *Attorneys for Defendant – THE CITY OF NEW YORK*
      100 Church Street, Room 3-133b
      New York, NY 10007

      Kaufman Borgeest & Ryan, LLP
      *Attorneys for Defendant – TAPPED 1010 INC.*
      1205 Franklin Ave., Ste. 200
      Garden City, NY 11530

By depositing the same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

                                                    */s/ Janet Lee Ryder*
                                                    JANET LEE RYDER

Sworn to before me this
28th day of March, 2019.

_____
Notary Public

MELISSA LAURENCY
Notary Public, State of New York
Registration #01LA6186608
Qualified In Westchester County
Commission Expires May 5, 20__