17 CV 4327 (SJF)(SIL)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

VINCENT MOSCA,

                                                  Plaintiff,

-against-

THE CITY OF NEW YORK, et. al.,

                                                  Defendants.

**THIRD PARTY DEFENDANTS CITY OF NEW YORK AND NYPD'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS THIRD PARTY CLAIMS OF FRANCESCO COLAVITO**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
   *Attorney for Third Party Defendants City and*
   *NYPD (a non-suable entity)*
   *100 Church Street*
   *New York, N.Y. 10007*

   *Of Counsel: Mark D. Zuckerman*
   *Tel: (212) 356-3519*
   *Matter No. 2017-039975*

# TABLE OF CONTENTS

                                                                            **Page**

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT ............................................................................................ 1

ARGUMENT

    POINT I

        COLAVITO FAILED TO REQUEST THAT THE CITY DEFEND AND INDEMNIFY HIM HEREIN IN VIOLATION OF GENERAL MUNICIPAL LAW ............................................................................................. 1

    POINT II

        COLAVITO WAS NOT ACTING IN THE SCOPE OF HIS EMPLOYMENT ...................................................................... 5

    POINT III

        COLAVITO'S ACTS WERE IN VIOLATION OF THE RULES AND REGULATIONS OF HIS EMPLOYMENT AS AN NYPD OFFICER ............................................. 8

    POINT IV

        G.M.L. §50-K, ET. SEQ., CONTROLS, THUS, ANY OTHER CLAIMS OF THIRD PARTY PLAINTIFF COLAVITO FAIL ................................................. 9

    POINT V

        THE THIRD PARTY DEFENDANT NYPD IS A NON-SUABLE ENTITY ................................................................ 9

CONCLUSION ..................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**          **Pages**

Barnes v. Damien Banks,
  10 CV 4802 (RJS)(JLC), 2011 U.S. Dist. LEXIS 120176
  (S.D.N.Y. Oct. 18, 2011) ...............................................................................................3

Isaacs v. City of New York,
  17 CV 3957 (ARR)(SMG), 17 CV 4315, 2019 U.S. Dist. LEXIS 41044
  (E.D.N.Y. Mar. 13, 2019) ......................................................................................2, 4, 5, 6

Jenkins v. City of New York,
  478 F.3d 76 (2d Cir. 2007) ............................................................................................9

Lara v. City of New York,
  No. 13 CV 6684 (DLC), 2014 U.S. Dist. LEXIS 149920
  (S.D.N.Y. Oct. 22, 2014) ...............................................................................................3

Mosca v. City of New York,
  17 CV 4327 (SJF)(SIL), 2019 U.S. Dist. LEXIS 30395
  (E.D.N.Y. Feb. 25, 2019) ......................................................................................5, 6, 7

Mosca v. City of New York,
  17 CV 4327 (SJF)(SIL), 2018 U.S. Dist. LEXIS 69846 (E.D.N.Y. Apr. 24,
  2018)……………………………………………………………………………..5, 6, 7, 9

Williams v. New York,
  64 N.Y.2d 800 (1985) ...................................................................................................3

Wray v. City of New York,
  340 F. Supp. 2d 291 (E.D.N.Y. 2004) ..........................................................................9

**Statutes**

G.M.L. §50-k .............................................................................................................5, 6, 9

G.M.L. §50-k(2) ............................................................................................................2, 3

G.M.L. §50-k(3) ............................................................................................................5, 8

G.M.L. §50-k(4) .........................................................................................................2, 3, 4

N.Y.C. Charter § 396 .........................................................................................................9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

VINCENT MOSCA,

                              Plaintiff,

              -against-

THE CITY OF NEW YORK, et. al.,

                            Defendants.

------------------------------------------------------------------- x

**THIRD PARTY DEFENDANTS CITY OF NEW YORK AND NYPD'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS THIRD PARTY CLAIMS OF FRANCESCO COLAVITO**

**17 CV 4327 (SJF)(SIL)**

## PRELIMINARY STATEMENT

Third party defendants City of New York (the "City") and NYPD (a non-suable entity), hereby respectfully submit their Memorandum of Law in further support of their motion for judgment on the pleadings dismissing the third party claims by defendant Francesco Colavito ("Colavito") against them with prejudice. For the reasons set forth herein, as well as those set forth in the third party defendants' opening Memorandum of Law, third party defendants' motion should be granted in its entirety and Colavito's third party claims against them dismissed with prejudice.

## ARGUMENT

### POINT I

**COLAVITO FAILED TO REQUEST THAT THE CITY DEFEND AND INDEMNIFY HIM HEREIN IN VIOLATION OF GENERAL MUNICIPAL LAW**

In its opening Memorandum of Law, third party defendant City argued that Colavito violated applicable General Municipal Law (hereinafter "G.M.L.") by failing to request that the City defend and indemnify him as required by G.M.L. §50-k(2). G.M.L. §50-k(2) in no uncertain terms states that a defense shall be provided in certain circumstances "[a]t the request of the employee and upon compliance by the employee with the provisions of subdivision four of this section," which states in pertinent part that "[t]he duty to defend or indemnify and save harmless prescribed by this section shall be conditioned upon (a) delivery to the corporation counsel at the office of the law department of the city by the employee of the original or a copy of any summons, complaint, process, notice, demand or pleading within ten days after he is served with such document,…." G.M.L. §50-k(4). This procedure gives the corporation counsel's office the right to "assume an employee's defense…," in connection with any request by the employee for indemnity referenced therein. Id; see also Isaacs v. City of New York, 17 CV 3957 (ARR)(SMG), 17 CV 4315 (ARR)(SMG), 2019 U.S. Dist. LEXIS 41044, at *24 (E.D.N.Y. Mar. 13, 2019) ("consideration of a separate claim for indemnification" by courts occurs after "City has previously declined to represent an employee…."). Simply, any right of Colavito to indemnification is expressly conditioned by statute upon Colavito's following the statutory procedure which requires a request for a defense and indemnification to the City, and which he did not do herein.

Here, it is undisputed that Colavito never made a request for representation or indemnity by the City in accordance with the foregoing provisions of General Municipal Law, much less in a timely manner. Colavito's compliance with the foregoing procedure was a condition precedent to a defense and indemnification by the City, a condition that was not complied with by Colavito. The failure by Colavito to properly request a defense and

indemnification deprived the Corporation Counsel of its statutory opportunity to assume or reject any request for representation, which it is duty bound to make upon a proper request, as the Corporation Counsel's representation determination "'may be set aside only if it lacks a factual basis, and in that sense, is arbitrary and capricious.'" Barnes v. Damien Banks, 10 CV 4802 (RJS)(JLC), 2011 U.S. Dist. LEXIS 120176, *15-16 (S.D.N.Y. Oct. 18, 2011) (quoting Williams v. New York, 64 N.Y.2d 800, 802 (1985)); see also Lara v. City of New York, No. 13 CV 6684 (DLC), 2014 U.S. Dist. LEXIS 149920, at *3-4 (S.D.N.Y. Oct. 22, 2014) ("The decision of whether or not the employee was acting in the scope of employment or in violation of agency regulations, and is thus entitled to representation, is made by the Office of Corporation Counsel.")

Still, Colavito argues that his failure to comply with the foregoing provisions of General Municipal Law do not defeat his third party claims. Such contentions are the height of frivolity. First, Colavito argues that the City had notice of this lawsuit as a result of it being served by plaintiff as a prior party defendant. (Colavito's Memorandum of Law at p. 6) Of course, such does not in any way lead to the conclusion that Colavito had requested a defense or indemnification, and in fact he did not. Simply, Colavito violated G.M.L. §50-k(2) and (4) by never, much less in a timely manner, making a request for a defense or indemnification in accordance with General Municipal Law. That the City was served with a copy of the complaint as a result of it previously being a party defendant is simply not the same as an employee requesting a defense and indemnification, which indisputably never happened in this case.

Second, Colavito argues that the transcript of the Article 78 proceedings annexed to the Declaration of Mark D. Zuckerman, dated March 7, 2019, as Exhibit A thereto, "indicates the Corporation Counsel refused to accept a 'ten day letter.'" (Colavito's Memorandum of Law

3

at p. 6) This assertion is so frivolous as to be dishonest and irresponsible. The Article 78 transcript indicates that Colavito's counsel argued therein, without success, that Colavito was entitled to some amorphous "ten day letter" in connection with his dismissal from the NYPD as a probationary police officer, a contention that was rejected by the judge presiding over the Article 78 proceedings. The delivery to the Corporation Counsel that is required by G.M.L. §50-k(4) of the summons and complaint, which indisputable never occurred here, and was therefore never rejected by the City, has no relationship to the amorphous "ten day letter" referenced in the Article 78 transcript. Colavito's counsel's dishonesty in connection with this argument should be met with sanctions, in addition to the Court's sound rejection of said argument.

Third, Colavito argues that the Isaacs decision (which post-dated the service of the City's motion for judgment on the pleadings seeking dismissal of Colavito's third party claims against the City herein) somehow stands for proposition that his failure to seek a defense under General Municipal Law does not defeat his indemnification claim. Colavito ignores the fact that in Isaacs, the officer requesting indemnity did request a defense and indemnity in accordance with the foregoing provisions of General Municipal Law. Isaacs, supra, 2019 U.S. Dist. LEXIS at *23-24 ("The City points out that it previously declined to represent Isaacs in this action,…"). So, based on the differences between Isaacs requesting a defense and indemnity, and Colavito never having done so, Colavito is attempting to mislead the Court that Isaacs somehow leads to the result which he seeks, namely that he did not have to timely request a defense and indemnity from the City, which of course would turn the foregoing procedures under General Municipal Law on its head.

Simply, Colavito never requested a defense or indemnification from the City in accordance with the foregoing provisions of General Municipal Law. Thus, the City was never

4

able to assume or reject the defense, and make any indemnification decision if so requested by Colavito. Having never attempted to comply with General Municipal Law, which was purposeful on Colavito's part so that his insurance carrier could defend the lawsuit instead, Colavito's third party claims against the City must fail.

## POINT II

### COLAVITO WAS NOT ACTING IN THE SCOPE OF HIS EMPLOYMENT

G.M.L. §50-k states that the "city shall indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court, or in the amount of any settlement of a claim approved by the corporation counsel and the comptroller, provided that the act or omission from which such judgment or settlement arose occurred while the employee was acting in the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged damages were sustained." G.M.L. §50-k(3). Isaacs, supra, makes clear that "the scope of the employment analysis under section 50(k)(3) is identical to the comparable analysis for a *respondeat superior* claim. Isaacs, at *12 ("the parties appear to agree" as to same) (collecting cases). Colavito does not argue otherwise in this case.

This Court has already decided the *respondeat superior* issue herein against plaintiff. See Mosca v. City of New York, 17 CV 4327 (SJF)(SIL), 2019 U.S. Dist. LEXIS 30395, at *4 n. 1 (E.D.N.Y. Feb. 25, 2019) (citing Mosca v. City of New York, et. al., 17 CV 4327 (SJF)(SIL), 2018 U.S. Dist. LEXIS 69846, at *17-19 (E.D.N.Y. Apr. 24, 2018)) ("The Court notes that Colavito's purportedly unlawful actions occurred while he was off duty and outside of New York City. Further, Colavito's alleged tortious conduct—specifically acting in 'concert' with Walsh to perpetrate a criminal act-is a significant departure from NYPD's normal

method of performance as a law enforcement agency.'")) Incredibly, Colavito argues that plaintiff's *respondeat superior* claims were not decided on their merits, but rather on "procedural grounds." (Colavito's Memorandum of Law at p. 5) Colavito ignores the Court's decision in Mosca v. City of New York, supra, 2019 U.S. Dist. LEXIS 30395, at *4 n. 1, wherein the Court stated that plaintiff's *respondeat superior* claims are "without merit," and which cited to the foregoing portions of Magistrate Judge Locke's Report and Recommendation. Id. (citing Mosca v. City of New York, et. al., supra, 2018 U.S. Dist. LEXIS 69846, at *17-19).

Colavito, based on Isaacs, attempts to argue that he has raised facts in his third party complaint that somehow should result in a different finding on the "scope of employment" issue as to his third party claims against the City.[1] Colavito has raised no such facts. As the City pointed out in its moving Memorandum of Law at pp. 5-6, Colvito's third party claims were "threadbare," and lacked factual content, thus, failing to plausibly allege a claim for indemnification for that reason alone.

In response, Colavito attempts to connect the facts alleged in plaintiff's Second Amended Complaint to the present issue of whether he was acting the scope of employment under a General Municipal Law §50-k analysis. (Colavito's Memorandum of Law at p. 1) Colavito contends that his "answer asserts that 'he was a police officer in the NYPD and received training.'" (Colavito's Memorandum of Law at p. 1) "Colavito denied failing to report

---

[1] The Court in Isaacs resolved the *respondeat superior* issue differently in its analyses of motions to dismiss the underlying complaint, and the officer's third party claim for indemnification, based on the officer in his answer "containing [his] own set of factual allegations," Isaacs, at *14, and that "in comparison with the facts alleged in the plaintiffs' complaints, Isaac's answer provides a markedly different representation of the events immediately preceding Small's death." Id. More specifically, the plaintiff's allegations therein painted a picture of a personal dispute between Small and the officer arising from a driving dispute, while the officer contended in his answer that he "feared that Small may have recognized him as a police officer or intended to steal his car," and thus was engaging in acts as a police officer. Id. at *15, 17-18.

the incident to the NYPD." (Colavito's Memorandum of Law at p. 1) "Colavito's answer states that 'he spoke to Officer Healy and that his employment was terminated without any explanation from the NYPD.'" (Colavito's Memorandum of Law at p. 1) Colavito goes on to argue that his answer stated that he "denied acting 'unlawfully,'" and "intentionally causing harm to plaintiff." (Colavito's Memorandum of Law at p. 1)

None of these facts in any way change the *respondeat superior* analysis by Magistrate Judge Locke that led to the dismissal of those claims by plaintiff against the City, and to which Judge Feuerstein cited in adopting Magistrate Judge Locke's Report and Recommendation on this issue. Mosca v. City of New York, supra, 2019 U.S. Dist. LEXIS 30395, at *4 n. 1. Magistrate Judge Locke had reasoned in dismissing plaintiff's *respondeat superior* claims against the City that Colavito was "off duty" and outside of his jurisdiction, New York City. Mosca v. City of New York, et. al., supra,, 2018 U.S. Dist. LEXIS 69846, at *18. Further, Magistrate Judge Locke found that Colavito is alleged to have acted "in concert with [co-defendant Ian] Walsh to perpetrate a criminal act….," "a significant departure from the NYPD's normal method of performance for a law enforcement agency." Id.

Colavito does not argue that he was engaged in any law enforcement act at the time of this incident. To the contrary, Colavito **denied the allegations in ¶¶49 and 52 of the Second Amended Complaint, allegations to which he refers on p. 4 of his Memorandum of Law, that he announced that he was with NYPD, flashed his badge and detained plaintiff while Walsh punched him.** (See Colavito's answer at ¶17) So, Colavito in his pleading did not contend that he was undertaking a law enforcement function. Thus, nothing that Colavito alleged in this answer and third party claims in any way changes the *repsondeat superior* analysis undertaken by Magistrate Judge Locke in his adopted Report and Recommendation on

the City's motion to dismiss plaintiff's *respondeat superior* claims made in the Second Amended Complaint against them. Simply, Colavito does not allege that he was engaged in police business at the time of this incident. As such, he was not acting in the "scope of his public employment," and therefore under General Municipal Law he cannot be indemnified by the City for damages arising out of the subject incident in this case in any event.

## POINT III

### COLAVITO'S ACTS WERE IN VIOLATION OF THE RULES AND REGULATIONS OF HIS EMPLOYMENT AS AN NYPD OFFICER

As seen, the "city shall indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court, or in the amount of any settlement of a claim approved by the corporation counsel and the comptroller, provided that the act or omission from which such judgment or settlement arose occurred while the employee was acting in the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged damages were sustained." G.M.L. §50-k(3)

Third party plaintiff's Colavito's complaint against the City should also be dismissed for the reason that his conduct during the underlying incident violated the NYPD rules and regulations, for which he was terminated. Justice Shlomo S. Hagler, in denying Colavito's Article 78 petition, (Ex. A to Declaration of Mark D. Zuckerman, dated March 7, 2019, p. 12), explained the "egregious situation" involving Colavito that led to Colavito's termination from the NYPD: "The petitioner's friend struck the third party. That third party was injured, fell to the ground. Petitioner failed, 1, to stop the assault; 2, failed to call 911 or report the altercation; 3, did not call for an ambulance or provide assistance and did not provide assistance at the scene. The Petitioner then went back in the bar with his friend and came out, with or without other

friends, I don't recall the facts with regard to that. He certainly came out again, a second time. Again, for a second time showed poor judgment and did not either report the crime, call 911, or offer any assistance, and just walked right by. That is significantly poor judgment for a NYPD police officer." Colavito clearly was in violation of his duties as an NYPD officer, and as found by Magistrate Judge Locke, was allegedly "acting in 'concert' with Walsh to perpetrate a criminal act—[which] is a significant departure from NYPD's normal method of performance as a law enforcement agency." Mosca v. City of New York, et. al., supra, 2018 U.S. Dist. LEXIS 69846, at *18. As such, Colavito was in violation of the rules and regulations of the NYPD, and this is an additional reason to deny him indemnification under the foregoing provisions of General Municipal Law.

## POINT IV

### G.M.L. §50-K, ET. SEQ., CONTROLS, THUS, ANY OTHER CLAIMS OF THIRD PARTY PLAINTIFF COLAVITO FAIL

At pp. 9-10 of its opening Memorandum of Law, the City argued that G.M.L. §50-k, et. seq. controls, therefore any other claims by Colavito for common law indemnification and contribution fail. The City also argued that any such common law claims would fail in any event under the common law theories of indemnification and contribution. Third party plaintiff Colavito failed to even respond to these meritorious arguments. As such, for the reasons set forth in its opening Memorandum of Law, any arguments of third party plaintiff Colavito for common law indemnity and contribution fail, and such claims should be dismissed with prejudice as well.

## POINT V

### THE THIRD PARTY DEFENDANT NYPD IS A NON-SUABLE ENTITY

Colavito does not respond to the NYPD's argument that it is a non-suable entity. Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007); Wray v. City of New York, 340 F. Supp. 2d 291, 303 (E.D.N.Y. 2004) (quoting N.Y.C. Charter § 396) ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law.")). As such, Colavito's third party claims against the NYPD should be dismissed as well with prejudice.

## CONCLUSION

For the foregoing reasons, as well as the reasons set forth in their moving papers, the City's and NYPD's (a non-suable entity) motion for judgment on the pleadings and to dismiss Colavito's third party claims against them with prejudice should be granted.

Dated: New York, New York
April 2, 2019

       ZACHARY W. CARTER
       Corporation Counsel of the
        City of New York
       *Attorney for Defendants City of New York and*
       *NYPD (a non-suable entity)*
       100 Church Street
       New York, New York 10007
       (212) 356-3519

By:       /s/
     MARK D. ZUCKERMAN