```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
VINCENT MOSCA,

                              Plaintiff,         **MEMORANDUM**
      -against-                                  **AND ORDER**

THE CITY OF NEW YORK, FRANCESCO                  17-CV-4327 (SJF)(SIL)
COLAVITO, TAPPED 1010 INC., MXL
LLC, and IAN M. WALSH,

                              Defendants.
----------------------------------------------------------------x
```

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this 42 U.S.C. § 1983 civil rights litigation, on referral from the Honorable Sandra J. Feuerstein for decision, is third-party Defendant the City of New York's (the "City") unopposed motion to sever third-party Plaintiff Francesco Colavito's ("Colavito's") crossclaims for indemnification and contribution against it from the remainder of this action. *See* Docket Entry ("DE") [125] (the "City's Motion"). For the reasons set forth herein, the Court grants the motion and severs Colavito's third-party claims against the City.[1]

---

[1] A "motion to sever is properly decided by the Magistrate Judge by Memorandum and Order rather than Report and Recommendation because the decision is not dispositive of any party's rights." *See Raymond A. Semente, D.C., P.C. v. Empire HealthChoice Assurance, Inc.*, No. 14-cv-5823, 2018 WL 4954096, at *3 (E.D.N.Y. Oct. 12, 2018) (citing *Romano v. Levitt*, 15-cv-518A, 2017 WL 193502, at *4 (W.D.N.Y. Jan 18, 2017) ("the motion for severance is non-dispositive; if granted, the claims remain, but are heard separate from other claims (either in the court where the action commenced or … in another venue).").

I.  **Relevant Background**

The following facts are taken from Plaintiff Vincent Mosca's ("Plaintiff" or "Mosca") Second Amended Complaint, DE [78] (the "SAC"), and are accepted as true for the purposes of this motion. Familiarity with this action is assumed.[2]

Defendants' Colavito and Ian Walsh ("Walsh") purported 2016 assault on Mosca outside a Long Island bar (the "Subject Incident") sparks the instant action. *See generally* SAC. On April 29, 2016, Plaintiff visited the Tap Room – a bar located in Massapequa, New York – where he encountered a visibly intoxicated Colavito and Walsh. *See id.* ¶¶ 26, 40-41. Almost immediately, Colavito, who at the time was an off-duty probationary New York City Police Department ("NYPD" or "Department") officer, and Walsh began harassing Plaintiff. *See id.* ¶¶ 41-42. In an attempt to deescalate the situation, Mosca exited the bar and retreated into an adjacent parking lot. *See id.* ¶¶ 43, 46. Nevertheless, Colavito and Walsh followed. *See id.* ¶ 46.

In the parking lot, Colavito confronted Mosca and, while showing his NYPD badge, pronounced that he was "with the NYPD, [and that Plaintiff was] not going anywhere." *Id.* ¶¶ 48-49. Walsh thereafter punched Mosca in the back of his head and "in concert with Colavito" pummeled him into unconsciousness. *See id.* ¶¶ 52-53. Walsh was ultimately charged with assault and pled guilty to an unidentified misdemeanor, but no charges appear to have been filed against Colavito. *See id.*

---

[2] For additional background, *see* December 26, 2018 Report and Recommendation, DE [104].

¶¶ 67-68. Colavito, however, was terminated by the Department on June 9, 2017. *See id.* ¶ 74.

Based on the above, Mosca commenced the instant action on July 21, 2017, alleging, *inter alia*, claims pursuant to 42 U.S.C. § 1983 for: (i) false arrest; (ii) excessive force; (iii) conspiracy; and (iv) failure to train, along with various related state law claims. *See* Complaint (the "Original Complaint"), DE [1]. Thereafter, the City moved to dismiss the Original Complaint against it pursuant to Fed. R. Civ. P. 12(b)(6). *See* DE [28]. That motion was granted on May 18, 2018, and Plaintiff's claims against the City were dismissed in their entirety without prejudice and with leave to amend.[3] *See* DE [60]. The SAC followed on June 18, 2018.[4] *See* DE [78]. On June 29, 2018, Defendant Tapped 1010 Inc. ("Tapped") answered the SAC and, *inter alia*, asserted crossclaims against the City for indemnity and contribution. DE [83] at ¶¶ 66-74. On July 11, 2018, Colavito answered the SAC and, like Tapped, asserted crossclaims against the City for indemnification and contribution. *See* DE [86], ¶¶ 53-54 (the "Crossclaims").[5] Subsequently, the City moved to dismiss the SAC as to it along with Tapped's (but not Colavito's) crossclaims. *See* DEs [92], [99]. By Order dated February 25, 2019, Judge Feuerstein adopted this Court's Report and Recommendation and dismissed Plaintiff's claims and Tapped's crossclaims against

---

[3] That decision also resulted in the removal of the NYPD as a Defendant. *See* DE [60].

[4] While the City's first motion to dismiss was *sub judice*, Mosca filed his First Amended Complaint (the "FAC"), adding Walsh as a Defendant. *See* DE [49]. By filing the SAC, the FAC became moot. *See* DE [104] at n. 4.

[5] Colavito also asserts crossclaims against the remaining Defendants, which are not subject to severance herein. *See* DE [86].

the City with prejudice. *See* DE [109]. Accordingly, the City remains in this action solely as a third-party Defendant with respect to Colavito's indemnification and contribution Crossclaims.

On April 2, 2019, the City filed a motion for a judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), seeking to dismiss Colavito's Crossclaims. *See* DE [115] *et seq*. That motion is currently pending and has been referred to this Court by Judge Feuerstein. *See* April 3, 2019 Order Referring Motion.[6] On July 30, 2019, the City filed the instant unopposed motion to sever the Crossclaims pursuant to Fed. R. Civ. P. 21. *See* DE [125]; *see also* Judge Feuerstein's Individual Rule 4(H) ("All non-dispositive motions … are considered referred to the Magistrate Judge …."). In its motion, the City contends that severance is appropriate because: (i) the only remaining claims against it are the Crossclaims (now third-party claims), which are largely based on facts separate from the Subject Incident; (ii) the City might be forced to move for summary judgment on the Crossclaims before its motion for judgment on the pleadings is decided; and (iii) the City would be prejudiced by having the Crossclaims tried simultaneously with Plaintiff's affirmative claims against the remaining Defendants (the "Underlying Action"). *See generally* the City's Motion.

## II. Legal Standards

### A. <u>Motions to Sever</u>

Pursuant to Federal Rule of Civil Procedure 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever

---

[6] As discussed below, that motion is hereby terminated and should be refiled as appropriate once the severed action is created. *See* Section IV, *infra*.

4

any claim against a party." Fed. R. Civ. P. 21. Once a claim is severed, it becomes an "entirely independent" action, resulting in separate trials and judgments. *Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 502 (S.D.N.Y. 2013) (internal quotation and citation omitted).

> Courts in [the Second] Circuit consider the following factors in determining if severance is appropriate: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*Id*. at 502-03 (citing *Cestone v. Gen. Cigar Holdings, Inc.*, No. 00-cv-3686, 2002 WL 424654, at *2–3 (S.D.N.Y. Mar. 18, 2002)). Only one of the foregoing factors needs to weigh in favor of severance for the motion to be granted, but courts generally only sever claims when more than one criterion is met. *N. Jersey Media Grp. Inc. v. Fox News Network, LLC*, 312 F.R.D. 111, 114–15 (S.D.N.Y. 2015) (citing *Cestone*, 2002 WL 424654, at *2–3; *Ricciuti v. New York City Transit Auth.*, 796 F. Supp. 84, 86 (S.D.N.Y. 1992)). "The moving party bears the burden of demonstrating that 'severance is required to avoid prejudice or confusion and to promote the ends of justice.'" *Id*. at 114 (quoting *Agnesini v. Doctor's Assocs., Inc.*, 275 F.R.D. 456, 458 (S.D.N.Y. 2011)). Ultimately, however, "[t]he decision whether to grant a severance motion is committed to the sound discretion of the trial court." *State of N.Y. v. Hendrickson Bros.*, 840 F.2d 1065, 1082 (2d Cir. 1988) (internal citation omitted).

## B. The City's Indemnification and Contribution Obligations

"The contours of the City's obligation to represent and indemnify its employees in federal and state civil actions are set forth in four key provisions of Section 50-k of the New York General Municipal Law." *Cucchiara v. Hollingsworth*, No. 15-cv-314, 2016 WL 6068193, at *4 (S.D.N.Y. Oct. 14, 2016) (citing N.Y. Gen. Mun. Law §§ 50-k(2)-(5)).

> As a general matter, the City must, upon request, represent its employees in [federal and state civil actions] and indemnify the full amount of any resulting judgment, provided the Office of Corporation Counsel finds the alleged act or omission 'occurred while the employee was acting within the scope of his public employment and in the discharge of his duties' and the employee was not then 'in violation of any rule or regulation of his agency.'

*Id.* (citing N.Y. Gen. Mun. Law §§ 50-k(2) (representation), 50-k(3) (indemnification)). These duties to defend and indemnify, however, are conditioned upon, *inter alia*, "delivery to the corporation counsel at the office of the law department of the city by the employee of the original or a copy of any summons, complaint, process, notice, demand or pleading within ten days after he is served with such document." N.Y. Gen. Mun. Law § 50-k(4). In addition, "the issue of whether a particular employee's acts were committed within the scope of his employment … is a matter 'to be determined in the first instance by the Corporation Counsel ... and his determination may be set aside only if it lacks a factual basis, and in that sense, is arbitrary and capricious.'" *Cucchiara*, 2016 WL 6068193, at *5 (citing *Banks v. Yokemick*, 144 F. Supp. 2d 272, 278 (S.D.N.Y. 2001) (quoting *Williams v. City of New York*, 64 N.Y.2d 800, 801, 486 N.Y.S.2d 918, 919 (1985)).

As for Colavito's claim for contribution, the Court first notes that 42 U.S.C. § 1983 does not provide a federal right to contribution. *See Firestone v. Berrios*, 42 F. Supp. 3d 403, 419 (E.D.N.Y. 2013) (collecting cases). With respect to any state law claims against Colavito, the doctrine of contribution enables "the loss [to be] distributed among tortfeasors by requiring joint tortfeasors to pay a proportionate share of the loss." *Id.* (quoting *Rosado v. Proctor & Schwartz, Inc.*, 66 N.Y.2d 21, 24, 494 N.Y.S.2d 851, 853 (1985)). Although contribution may lie "even when the contributor has no duty to the injured plaintiff," such claim may only "be asserted if there has been a breach of a duty that runs from the contributor to the defendant who has been held liable." *Raquet v. Braun*, 90 N.Y.2d 177, 182, 659 N.Y.S.2d 237, 240 (1997) (internal citations omitted).

### III. Discussion

Applying the standards above, and for the reasons set forth below, the Court severs Colavito's Crossclaims against the City. As an initial matter, the Court notes that the lack of opposition implies that the remaining parties consent to granting the City's Motion, and severance on this basis alone is appropriate. Nevertheless, the Court concludes that an analysis of the applicable factors also establishes that severance is warranted.

#### A. <u>Indemnification</u>

Initially, any indemnification obligations the City may have arise from a different transaction or occurrence than Plaintiff's underlying claims. Although there is "no rigid rule as to what constitutes the same series of transactions or occurrences,

7

courts repeatedly have interpreted [that] phrase … to encompass all logically related claims." *N. Jersey Media Grp. Inc.*, 312 F.R.D. at 115 (collecting cases); *see also Yi Liu v. Selective Ins. Co. of Am.*, No. 13-cv-5997, 2013 WL 6537176, at *2 (E.D.N.Y. Dec. 13, 2013) (Claims arise out of the same transaction or occurrence if "the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit") (internal quotations and citations omitted).

Here, Mosca's claims are not so logically connected to Colavito's crossclaim for indemnification such that the issues are better resolved in one proceeding. Indeed, Plaintiff's first-party claims concern the Subject Incident, namely what happened during an altercation at a bar, whereas Colavito's indemnification claim stems from a statutory duty arising between the City and its employees only after the underlying causes of action are established and timely notice is given. Further, Mosca's claims and the indemnification crossclaim are analyzed under different legal and evidentiary standards – the former being determined by the jury and the latter decided by the Court.

Specifically, Mosca's Section 1983 claims will require him to demonstrate that Colavito attacked him and was acting under color of state law when he did so, *see* DE [104] at 8 (citing *Hawkins v. Nassau Cty. Corr. Facility*, 781 F. Supp. 2d 107, 111 (E.D.N.Y. 2011)), whereas indemnity hinges on whether Colavito was acting within the scope of his employment at the time of their altercation – a different inquiry. *See Menghi v. Hart*, 745 F. Supp. 2d 89, 101 (E.D.N.Y. 2010), *aff'd*, 478 F. App'x 716 (2d

8

Cir. 2012) ("Whether actions are performed 'in the scope of employment' is a different inquiry as to whether those acts were made 'under color of state law' for § 1983 purposes"). In addition, Mosca's Section 1983 claims are subject to a jury's consideration applying a preponderance of the evidence standard, *see, e.g.*, *Young v. Town of Islip*, No. 13-cv-4713, 2017 WL 5468752, at *3 (E.D.N.Y. Nov. 13, 2017), whereas whether Colavito was acting within the scope of his employment for Section 50-k purposes is initially determined by the Corporation Counsel, *see Cucchiara*, 2016 WL 6068193, at *5, and is subject to review as a matter of law under an arbitrary and capricious standard as decided by the Court. *See Banks*, 144 F. Supp. 2d at 287 ("New York law holds that application of the 'arbitrary and capricious' standard is an issue to be decided as a matter of law by the court alone.") (citing *Catlin v. Sobol*, 77 N.Y.2d 552, 562, 569 N.Y.S.2d 353 (1991).

In addition to the divergent legal standards outlined above, the threshold factual issue of whether Colavito timely sought indemnification from the City is wholly unrelated to the Subject Incident, as that clock was not triggered until after the instant action was commenced. Indeed, the City's pending motion for judgment on the pleadings is based largely on its assertion that Colavito failed to timely seek representation from the City. *See generally* DE [115] *et seq.*; the City's Motion at 2 ("The City contends that Colavito's third party claims are frivolous for the reason[] that he never requested that the City defend or indemnify him herein in a timely manner …."). Thus, a crucial factual question surrounding indemnification bears no relation to the Underlying Action.

Further, severance herein would facilitate judicial economy and promote the ends of justice. Because indemnification claims "do not generally ripen until a judgment in the underlying action is paid," *Cucchiara*, 2016 WL 6068193, at *5 (collecting cases), Colavito's Crossclaims may become moot if he avoids liability in the Underlying Action. Indeed, courts often bifurcate indemnity claims from underlying litigation under similar circumstances. *See, e.g.*, *McGuire v. Bridgeport & Port Jefferson Steamboat Co.*, No. 00-cv-5951, 2001 U.S. Dist. LEXIS 19753 (S.D.N.Y. Nov. 29, 2001) (bifurcating indemnification crossclaims from trial on liability to avoid unnecessary litigation and prejudice); *Banks*, 144 F. Supp. 2d at 287 ("this court will consider the [indemnification] claim as a matter of law after the jury has returned its verdict on the plenary action"). Moreover, the Court notes that the indemnification inquiry will not require substantial overlap in witnesses or documentary evidence that would militate against severance. Accordingly, severance of the indemnification crossclaim is appropriate.

### B. Contribution

The Court similarly concludes that severance of Colavito's crossclaim for contribution is proper. Initially, no right to contribution lies with respect to the Section 1983 claims. *See Firestone*, 42 F. Supp. 3d at 419. Moreover, any claim for contribution in connection to the state law claims would require proof that the City breached a duty it owed to Colavito – not Mosca, whose first-party claims against the City were dismissed with prejudice. *See Raquet*, 90 N.Y.2d at 182, 659 N.Y.S.2d at 240. Accordingly, the contribution claim, like indemnification, arises from a different

transaction or occurrence than Plaintiff's first-party claims in that the former concerns a purported relationship between the City and Colavito, which is not logically related to the issues surrounding Mosca's claims for the alleged attack. Moreover, the contribution claim would also become moot if Colavito is absolved of liability in the Underlying Action (with which the City is no longer involved), rendering severance appropriate to further promote judicial economy. Finally, the lack of apparent overlap in witnesses or evidence establishes that severance is equally appropriate for the contribution claim. Accordingly, severance of the contribution crossclaim is also appropriate, and as a result the Court grants the City's motion and severs the Crossclaims.

**IV. Conclusion**

For the reasons set forth above, the Court severs Colavito's Crossclaims against the City. To that end, the Clerk of the Court is directed to: (i) terminate the City as a party to the instant action; (ii) open a new civil action, with Colavito as the plaintiff and the City as the defendant (this new matter should be marked related to the instant action, and any filing fees are hereby waived); and (iii) file DE [86] as the initiating document in the new action (while keeping a copy filed on the instant docket), with DE [97] as the Answer. As a result, the City's pending Motion for Judgment on the Pleadings, DE [115], is hereby terminated, and the City is directed to refile the fully briefed motion once the new civil docket becomes active.[7] Finally, insofar as the severance presents issues regarding subject matter jurisdiction, the

---

[7] The parties should also file any additional documents contained on the instant docket that are relevant to the Crossclaims.

parties should brief those as part of any newly filed motion for judgment on the pleadings.

Dated:  Central Islip, New York
        October 30, 2019          /s/ Steven I. Locke
                                  STEVEN I. LOCKE
                                  United States Magistrate Judge